Argued October 4, affirmed November 10, 1965

IN THE MATTER OF DWAIN LEE LITTLE, A CHILD
STATE OF OREGON *v.* LITTLE
407 P. 2d 627

*Edward N. Fadeley,* Eugene, argued the cause and filed briefs for appellant.

*William F. Frye,* District Attorney, Eugene, argued the cause for respondent. With him on the brief was Francis W. Linklater, Deputy District Attorney, Eugene.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, GOODWIN, DENECKE, HOLMAN and LUSK, Justices.

## GOODWIN, J.

The question is whether the state can try a person after he attains the age of sixteen for a crime alleged to have been committed before he reached that age.

The defendant had been taken into custody on November 18, 1964, as a child within the jurisdiction of the juvenile court. At all times thereafter the defendant was represented by counsel. Juvenile court jurisdiction was based upon a petition which accused the defendant of killing a girl on November 2, 1964, in the course of committing rape. On November 20, 1964, the grand jury indicted the defendant for murder. On December 20, 1964, the defendant turned sixteen.

On January 15, 1965, the juvenile court, following a three-day hearing held pursuant to ORS 419.533, remanded the defendant to the circuit court. The defendant appealed from the remand. The state moved to dismiss the appeal. The order of remand, being a

final order as far as the juvenile court is concerned, is appealable. ORS 419.561. We turn to the merits.

Although ORS 419.476 confers upon the juvenile courts "exclusive original jurisdiction" over criminal offenders under eighteen years of age, ORS 419.533 provides in so many words that a child may be remanded to the appropriate trial court for disposition as an adult if "at the time of the remand" he is sixteen years of age or older.[1]

The defendant contends that the Legislative Assembly enacted ORS 419.472 to 419.587 with the intent to prohibit prosecution of any person for crimes committed before he reached the age of sixteen. He would have us read the statute as if it allowed a remand only "if at the time of the alleged offense" the child was sixteen years of age or older. Statutes in some states expressly establish this prohibition. See, e.g., *People v. Stevenson*, 262 NYS2d 238 (App Div 1965), and cases collected in Annotations, 89 ALR2d 506 (1963), and 48 ALR2d 663 (1956).

No Oregon statute permits the discretionary remand of a person under sixteen at the time of the remand. Therefore, the defendant argues, the legislature intended to make persons under sixteen immune from criminal liability. Exclusive jurisdiction of persons under sixteen, the defendant says, remains exclusive, and cannot be converted into concurrent juris-

---

[1] ORS 419.533 (1). "A child may be remanded to a circuit, district, justice or municipal court of competent jurisdiction for disposition as an adult if:

"(a) The child is at the time of the remand 16 years of age or older; and

"(b) The child committed or is alleged to have committed a criminal offense or a violation of a municipal ordinance; and

"(c) The juvenile court determines that retaining jurisdiction will not serve the best interests of the child and the public."

diction by the passage of time. The defendant's argument rests upon a premise that the statutes forever fix the court's power over a child according to his age on the date an offense was committed. Decisions in other jurisdictions go both ways on this matter, but the cases depend entirely upon local statutes which vary so much in their wording that generalities drawn from such cases are not particularly instructive. See cases collected in Annotation, 89 ALR2d 506, supra.

■ Alternatively, defendant argues that if the date of the offense is not controlling, then the date the original petition is filed in the juvenile court freezes the character of the court's jurisdiction. (If the petition is filed before the child reaches the age of sixteen, as in the instant case, he would be forever immune from remand.) By his alternative position, therefore, defendant insists that once juvenile court jurisdiction has been invoked over a child below the age of discretionary remand, exclusive jurisdiction may not thereafter be relinquished. This theory also has support in some jurisdictions, primarily because the controlling statutes expressly so state or have been so construed. See, e.g., *People v. Carlson,* 360 Mich 651, 104 NW2d 753 (1960). However, under ORS 419.533 (1) (c), an intent to permit the juvenile court to remand a child at some future time is clearly expressed in the section.

■ There is, therefore, no basis for holding that taking the defendant into custody as a juvenile, with or without a petition in juvenile court, should work some sort of a fatal election against the state.

■■ If there is to be some arbitrary age before which a person cannot, as a matter of law, be accorded adult treatment for his criminal conduct, the age may, of course, be clearly fixed by statute. If, however, the

legislature has not fixed such an age, it is not the function of the courts to do so.

Returning to ORS 419.533, the defendant argues that, regardless of the literal wording, the legislature's intent was to treat all offenders whose crimes occur before they are sixteen as delinquent children instead of as criminals. This intent is said to be implied elsewhere in the juvenile code.

The state contends, on the other hand, that the ascription of such an intent to the Assembly is unwarranted. The state points out that the defendant has designated no section in the code where such an intent finds expression.

To refuse to give effect to the literal wording of the statute would create an absurd result. The defendant's construction would make it possible for a person to commit any number of dangerous felonies a few days before his sixteenth birthday and then, by evading arrest until he is twenty-one,[2] escape both corrective measures as a juvenile and punishment as an adult. This result would follow, the state points out, because a person over twenty-one cannot be treated as a juvenile, and, under the defendant's theory, one can never be prosecuted as an adult for crimes committed before he turned sixteen.

If the defendant is right, he has discovered a means by which felonies may be committed with impunity by a significant class of youthful offenders. Further,

---

[2] While ORS 419.476 confers original exclusive jurisdiction upon the juvenile courts of persons under eighteen, wardship may continue under ORS 419.531 until the person is twenty-one. Thus a petition may be filed in the juvenile court, and the child, when apprehended, even after turning eighteen, can be continued as a ward, theoretically, until he is twenty-one.

if the defendant's interpretation of the statute is correct, a person can commit crimes before his sixteenth birthday, happy in the knowledge that his worst fate, if caught, will be a brief period of treatment as a delinquent child.

The defendant's reply to this objection is that such a choice was one for the Legislative Assembly to make. Observing that other legislatures have made such a choice, the defendant reiterates his position that our own Assembly also intended to express a policy of immunity from criminal responsibility based upon age at the time of the offense.

■ We have attempted to reconstruct the legislative intent from the various references cited by counsel, and from Oregon Laws 1959, ch 432 (now found in ORS ch 419). Except for some general statements attributed to sponsors of the legislation, we find no expression of an intent to adopt the rule contended for by the defendant.

It is extremely unlikely that if the Assembly had considered the precise problem now before us, it would have intended to create a hiatus in the law that could wholly frustrate the administration of justice when a serious offense has been committed by a person below the age for discretionary remand. It is more likely, if the problem had been called to its attention, that the Assembly would have modified the discretionary plan which existed prior to 1959. Under the former law, the decision to remand could be based upon a judicial consideration of the child under all the relevant circumstances regardless of his age. See *In re Application of Loundagin*, 129 Or 652, 278 P 950 (1929). By making juvenile court jurisdiction exclusive, but subject to remand after a hearing, the 1959

revision eliminated the evils which its proponents said existed under the former code when both the juvenile court and the circuit court apparently had concurrent original jurisdiction. See *Brady v. Gladden,* 232 Or 165, 374 P2d 452 (1962), which points out that *In re Application of Loundagin,* supra, is no longer the law.

In the absence of any more certain legislative direction, it is sometimes observed, courts should follow the words of the statute. We believe that this is an appropriate case in which to follow that guideline to statutory construction. What the law does not forbid, it allows. The statute on its face provides for discretionary remand after the age of sixteen, regardless of the age of the defendant at the time of the alleged offense. Unless the statute is unconstitutional, it is the duty of the courts to follow it.

The defendant next contends that if the statute is applied literally to allow the remand in this case, then it violates the defendant's rights under the equal-protection and due-process clauses of the Fourteenth Amendment to the United States Constitution.

We are satisfied that no such basis exists for challenging the constitutionality of the statute. Prior to the enactment of the present juvenile law, a child could be remanded to the adult court at any age. The current version of the statute has taken away none of the child's common-law rights, and has given the child some new rights.

So long as all juveniles are subject to being remanded under ORS 419.533 on the same terms, there is no equal-protection problem. *Black v. Gladden,* 237 Or 631, 393 P2d 190 (1964). And until a specific act

by the prosecution is challenged in a specific case there is no due-process problem.

The defendant has presented hypothetical illustrations of abuses that might occur under ORS 419.533, e.g., that a twelve-year-old might be held for four years and then remanded. But we do not indulge in the presumption that the statutory scheme permitting a remand at age sixteen will be used to circumvent such rights as the right to counsel, speedy trial, jury determination of guilt, and the like.

■ Until it is shown in a particular case that our intrepretation of the statute works an injustice, or that the state has abused its control over a particular defendant while he was being reasonably detained as a juvenile, and has acted in a manner prejudicial to his subsequent defense, we must presume that the officials charged with administering justice will exercise their discretion wisely and according to law. There is, therefore, no occasion to strike down the discretionary remand provision as unconstitutional merely because, in an imaginary case, it might be used oppressively. Should such an oppressive employment of the statute occur, judicial review is available to provide a remedy. See *Kent v. United States,* 343 F2d 247 (DC Cir 1965), cert. granted 381 US 902, 85 S Ct 1450, 14 L Ed2d 284 (1965).

■ Finally, the defendant challenges the use by the remanding court of a "social history and report" prepared while the defendant was in custody as a juvenile. This assignment is without merit. It appears from the record that the report was made and employed pursuant to ORS 419.608, and 419.500 (2). These sections authorize the limited use of such reports in proceedings in which they cannot prejudice any person's

rights to a fair trial. Obviously, if the defendant is tried before a jury, he will be entitled to all the safeguards of a criminal trial. At this stage of the proceedings, his rights have not been prejudiced.

The order of remand is affirmed.