Submitted on record and appellant's brief March 20, reversed
and remanded March 31, 1975

STATE OF OREGON (Cr. No. 5811), *Respondent,*
*v.* FRANCIS XAVIER WATCHMAN, *Appellant.*

533 P2d 361

Gary D. Babcock, Public Defender, Salem, filed the brief for appellant.

Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and Thomas H. Denney, Assistant Attorney General, Salem, appeared for respondent.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

SCHWAB, C. J.

Depending upon the circumstances, the penalty for criminal activity in drugs, ORS 167.207, ranges from a maximum of a $100 fine to a maximum of 20 years' imprisonment. Here the defendant was convicted of the most serious form of this offense:

> "* * * [I]f the defendant is 18 years of age or over and the conviction is for furnishing a narcotic or dangerous drug to a person under 18 years of age and who is at least three years younger than the defendant, criminal activity in drugs is a Class A felony." ORS 167.207(4).

The only evidence that defendant engaged in the activity charged after his eighteenth birthday was contained in a prior, out-of-court statement of a witness, which was inconsistent with the witness's trial testimony that the furnishing of drugs occurred before defendant's eighteenth birthday. Over defendant's hearsay objection, the trial court considered the out-of-court statement for its substantive truth in violation of the Supreme Court's recent decision in *State v. Derryberry,* 270 Or 482, 528 P2d 1034 (1974), decided subsequent to the trial of this case. The state

concedes that for this reason the judgment order cannot stand as entered.

It does not follow, however, that defendant's conviction must be reversed because of this error. The trial court necessarily found that defendant had furnished drugs to another, even though one of the age elements which make that conduct a Class A felony under ORS 167.207(4) was not proved. Defendant's act of furnishing to another constitutes a Class B felony or, in the trial court's discretion, a Class A misdemeanor. ORS 167.207(2).

In similar situations we reverse the conviction for the greater offense, find that defendant is guilty of the lesser offense, and remand for resentencing. *State v. Branch,* 244 Or 97, 415 P2d 766 (1966); *State v. Zadina,* 1 Or App 11, 457 P2d 670 (1969). But here, whether conviction should be entered for a Class B felony or a Class A misdemeanor is, under ORS 167.207(2) and 161.705, a question for the trial court, not for us. Accordingly, we reverse defendant's conviction and remand to the trial court for consideration of that question and appropriate resentencing.

■■ Defendant is subject to the jurisdiction of the circuit court, rather than the exclusive original jurisdiction of the juvenile court, ORS 419.476(1), for acts committed while he was seventeen when, as here, he was not indicted until after his eighteenth birthday. Jurisdiction depends on the defendant's age at the time judicial proceedings are initiated, not at the time of the alleged offense. *See, State v. Little,* 241 Or 557, 407 P2d 627 (1965); Annotation, 89 ALR2d 506 (1963).

Reversed and remanded.