*[555]
 
 ROBERTS, J.
 

 Defendant brings this appeal from his conviction of the offense of interfering with a peace officer.
 

 At trial, on a motion to dismiss, defendant asserted that the district court did not have jurisdiction when the act for which he was tried was committed before he was 18 years of age. The court denied the motion.
 

 Defendant was arrested on June 5, 1976, for striking an officer who was attempting to conduct a search of defendant’s person. On the day of his arrest, defendant was 17 years and 11 months old. He was taken to the Juvenile Detention Center and later released.
 

 A Juvenile Officer, Mr. Neuville, was assigned to defendant’s case, and on June 7, 1976 sent defendant and his mother a letter informing them of his appointment and requesting them to appear on June 18,1976. Neither defendant nor his mother appeared.
 

 Under normal procedure, a second letter would have been sent, again requesting defendant and his mother to appear and warning of a forthcoming hearing on defendant’s case. This procedure was not followed in this case because the juvenile officer talked with a member of the district attorney’s office, who advised him that defendant’s 18th birthday was approaching. A decision was made not to proceed with the case. On July 2,1976, defendant became 18 years of age.
 

 On July 16, 1976, Mr. Neuville sent to the district attorney’s office a notice that the juvenile court proceedings had been terminated as of June 30,1976. On August 13, 1976, Officer John Pahlke, the officer defendant had struck, signed a complaint which resulted in defendant’s trial and conviction of interfering with a peace officer.
 

 Defendant presents two issues on appeal. It is defendant’s first contention that he should have been
 
 *[556]
 
 proceeded against as a juvenile since he was less than 18 years old when he committed the criminal act. Defendant relies on ORS 419.476(1) which grants "exclusive original jurisdiction” over any case involving a person less than 18 years of age to the juvenile court. In
 
 State v. Watchman,
 
 20 Or App 709, 533 P2d 361, Sup Ct
 
 review denied
 
 (1975), this cotu*t said:
 

 "Defendant is subject to the jurisdiction of the circuit court, rather than the exclusive original jurisdiction of the juvenile court, ORS 419.476(1), for acts committed while he was seventeen when, as here, he was not indicted until after his eighteenth birthday. Jurisdiction depends on the defendant’s age at the time judicial proceedings are initiated, not at the time of the alleged offense.
 
 See, State v. Little,
 
 241 Or 557, 407 P2d 627 (1965); Annotation, 89 ALR2d 506 (1963).”
 

 Defendant urges that
 
 State v. Watchman, supra,
 
 be overturned citing language from earlier Oregon Supreme Court cases supposedly indicating that the age at the time of the offense should control for the purpose of determining juvenile court jurisdiction. Defendant’s arguments are not persuasive and we follow the rule in
 
 Watchman.
 
 Since defendant was over 18 when court proceedings were initiated, the district court did have jurisdiction.
 

 Defendant’s second contention is that he was denied due process of law under both the United States and Oregon Constitutions by the manner in which his case was handled. Defendant argues: "* * * [T]he juvenile proceedings against the defendant were terminated because the district attorney informed Mr. Neuville to do nothing further because of his upcoming birthday. * * * In ORS 419.533, the legislature provided a means by which a person under 18 could be treated as an adult. In this case, the State did not even attempt to seek a hearing.”
 

 In
 
 State v. Little,
 
 241 Or 557, 407 P2d 627 (1965), the defendant was a 15-year-old boy who was taken into custody by the juvenile court on a petition alleging murder in the course of rape. While in
 
 *[557]
 
 juvenile custody he turned 16 and was remanded by the juvenile court. The court said:
 

 "There is * * * no basis for holding that taking the defendant into custody as a juvenile, with or without a petition in juvenile court, should work some sort of a fatal election against the state.”
 
 State v. Little, supra
 
 at 561.
 

 And further:
 

 "What the law does not forbid, it allows.”
 
 State v. Little, supra
 
 at 564.
 

 "Until it is shown in a particular case that our interpretation of the statute works an injustice, or that the state has abused its control over a particular defendant * * * as a juvenile, and has acted in a manner prejudicial to his subsequent defense, we must presume that the officials charged with administering justice will exercise their discretion wisely and according to law.”
 
 State v. Little, supra
 
 at 565.
 

 Defendant does not claim any prejudice to his defense and thus has no cognizable complaint.
 
 See State v. Serrell,
 
 11 Or App 324, 501 P2d 1324,
 
 aff'd 265
 
 Or 216, 507 P2d 1405 (1973).
 

 Affirmed.