576 P.2d 830 (1978)
33 Or.App. 423
IN THE MATTER OF DAVID WALTER BROWN, III, a Child.
STATE of Oregon ex rel. Juvenile Department of Washington County, Appellant,
v.
David Walter BROWN, III, Respondent.
Court of Appeals of Oregon.
Submitted on Record and Briefs January 16, 1978.
Decided April 3, 1978.
Ray D. Robinett, Dist. Atty., and John F. Deits, Deputy Dist. Atty., Hillsboro, filed the brief for appellant.
*831 Cary Gluesenkamp, Hillsboro, filed the brief for respondent.
Before SCHWAB, C.J., and LEE, RICHARDSON and JOSEPH, JJ.
JOSEPH, Judge.
A petition was filed in juvenile court charging respondent juvenile with unlawful possession of alcoholic liquor in violation of ORS 471.430. The state moved for a remand. The juvenile court denied the motion, ruling that it did not have authority under ORS 419.533(1)(b) to remand for a violation as defined by ORS 161.565.[1] The state appealed. We do not reach the merits.
We noted that this court may not have jurisdiction to review an order denying a motion for remand. We requested and received supplemental briefs on that issue.
ORS 419.561(1) provides that
"[a]ny person whose right or duties are adversely affected by a final order of the juvenile court may appeal therefrom. * * *" (Emphasis supplied.)
In State v. Briggs, 245 Or. 503, 420 P.2d 71 (1967), and State v. Little, 241 Or. 557, 407 P.2d 627 (1965), the state challenged the jurisdiction of the Supreme Court to review juvenile court orders granting remand, arguing that the orders were not final. In both cases the court held that the order was final, noting in Little that "[t]he order of remand, being a final order as far as the juvenile court is concerned, is appealable." 241 at 559-60, 407 P.2d at 628. (Emphasis supplied.) Because an order denying remand does not end juvenile court jurisdiction, a parity of reasoning leads to the conclusion that the order here is not appealable.[2]
Appeal dismissed.
NOTES
[1] ORS 161.565 provides that

"[a]n offense is a violation if it is so designated in the statute defining the offense or if the offense is punishable only by a fine, forfeiture, fine and forfeiture or other civil penalty. * * *"
[2] We note that in this case, after the denial of the motion for remand, the juvenile court completed its consideration. An order and disposition finding the juvenile to be within the jurisdiction of the juvenile court and granting probation on certain conditions was made. No appeal was taken from that order. Were we to accept jurisdiction of this appeal, and were we to find the trial court erred in denying remand, a proceeding against the juvenile in circuit court would present double jeopardy problems, which we need not here resolve.