Argued June 27, affirmed August 20, 1979

STATE OF OREGON,
*Appellant,*
*v.*
MARVIN BRIAN THORNTON,
*Respondent.*

(No. 78-8-161; CA 13043)

599 P2d 1160

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

C. Steven Vess, Oregon City, argued the cause and filed the brief for respondent.

[469]

Before Schwab, Chief Judge, and Tanzer and Roberts, Judges.

TANZER, J.

## TANZER, J.

The state appeals from an order dismissing an indictment charging defendant with first-degree burglary on the ground that the indictment circumvented the jurisdiction of the juvenile court. The juvenile court had previously denied the state's motion to remand defendant to circuit court and dismissed a petition charging defendant with the same burglary for which he was later indicted.

Defendant was first found to be within the jurisdiction of the juvenile court[1] in January, 1978, when he was 17 years and eight months old, as a result of which he was placed on six months' probation. On March 23, 1978, another petition was filed charging him with burglary. On April 19, 1978, pursuant to ORS 419.533, the district attorney moved to remand defendant to circuit court for trial as an adult. After a hearing, the juvenile court denied the remand motion, maintained its previously established wardship over defendant, placed defendant in a residential program for 60 days, and ordered that the latter petition be heard after the 60-day placement ended. On May 1, defendant turned 18. On June 26, after defendant was released from the residential program, the district attorney again moved for a remand order. Following another hearing, the juvenile court denied the motion. In the same order, it also dismissed the petition[2] and released defendant from the court's jurisdiction. The reasons for the latter two actions are not set out in the order or elsewhere in the record.

---

[1] ORS 419.476(1)(a) provides:

"(1) The juvenile court has exclusive original jurisdiction in any case involving a person who is under 18 years of age and:

"(a) Who has committed an act which is a violation, or which if done by an adult would constitute a violation, of a law or ordinance of the United States or a state, county or city * * *."

[2] ORS 419.482(5) provides:

"(5) The court may dismiss the petition at any state of the proceedings."

The state did not appeal from the dismissal of the petition. Instead, on August 8, 1978, it initiated this case by obtaining an indictment charging defendant with the same burglary alleged in the juvenile court petition. Defendant moved for dismissal of the indictment on grounds of former jeopardy. The trial court, stating that the facts of the alleged burglary had not been adjudicated, denied any relief based on former jeopardy, but granted defendant's motion nevertheless because the court concluded that the state could not prosecute defendant as an adult after remand had been denied by the juvenile court. For the reasons which follow, we affirm the dismissal of the indictment.

The juvenile court order which denied the second motion for remand, dismissed the petition and released defendant from the court's jurisdiction recites only that it is in "the best interest of justice,"[3] but does not recite whether the dismissal was based on an adjudication of the facts. There is no transcript of the proceeding. We conclude that in either case the trial court was correct in dismissing the indictment whether or not the juvenile court dismissal was on the merits.

■ If the June 26 hearing was on the merits of the juvenile court petition, the state is clearly barred from trying defendant as an adult on the same charges by the constitutional prohibitions against double jeopardy. *Breed v. Jones,* 421 US 519, 527, 541, 95 S Ct 1779, 44 L Ed 2d 346 (1975); *State ex rel Juv. Dept. v. Knox,* 20 Or App 455, 463, 532 P2d 245 (1975).

■ Assuming, on the other hand, that the petition was never considered on the merits, we conclude nonetheless that the state cannot circumvent juvenile court

---

[3] The juvenile court file gives no suggestion that it is in the interest of justice to dismiss without adjudication or remand a proceeding against an 18-year-old juvenile whom the residential program was unable to control, and who, if the charge is true, has become a prolific burglar. Absent a transcript, however, we cannot say there was no testimony to support the juvenile court's conclusion.

jurisdiction by indicting defendant in circuit court after its motions to remand had twice been denied.

The Supreme Court recently addressed a similar question in *State v. Scurlock,* 286 Or 277, 593 P2d 1159 (1979), which controls our decision in this case. There, defendant allegedly committed an assault three months after his 17th birthday. The district attorney waited until after defendant turned 18 and then obtained an indictment against him. The delay was intentional and solely to avoid a remand proceeding. The court held that the statutory scheme defining juvenile court jurisdiction and remand procedures prohibited the state from prosecuting defendant initially as an adult:

> "ORS 419.533 gives the juvenile court the power to remand a child within its jurisdiction to the circuit court for criminal proceedings if the court 'determines that retaining jurisdiction will not serve the best interests of the child because the child is not amenable to rehabilitation in facilities or programs available to the court.' In enacting this statute, the legislature recognized that there may be situations in which persons between the ages of 16 and 18 should be · dealt with through the adult criminal process rather than the juvenile system. The power to determine whether such a situation exists, however, is clearly allocated to the *court,* not the district attorney."[4] 286 Or at 281.

In this case, the state twice attempted to have defendant remanded for treatment as an adult. The motions were denied both times. The state's attempt to

___

[4] In *State v. Richmond,* 31 Or App 553, 520 P2d 1014 (1977), and *State v. Watchman,* 20 Or App 709, 711, 533 P2d 361 *rev den* (1975), this court held that the defendant's age at the date of the initiation of judicial proceedings determines which court has jurisdiction. *See also State v. Little,* 241 Or 557, 407 P2d 627 (1965), holding that a juvenile may be remanded under ORS 419.533 for acts committed at age 15 if he is 16 at the time of remand. The Supreme Court's opinion in *Scurlock* mentions none of these cases. *Scurlock* appears to limit the rule of *Watchman* and *Richmond,* but we are uncertain whether the Court intended to disapprove them. The last sentence in the quoted paragraph implies that the court intended to remove all prosecutorial discretion from the decision as to which court should hear charges against a person charged before turning 18.

circumvent those orders by a subsequent indictment in circuit court is similar in principle to the intentional delay which was disapproved in *Scurlock.* In either case, the power to determine when a person subject to juvenile court jurisdiction should be treated as an adult lies with the juvenile court, not with the district attorney. The state has no authority to nullify the denial of its remand motions by ignoring them and proceeding as though its motions had been granted.

Juvenile court jurisdiction attached when defendant was taken into custody at age 17. ORS 419.573. That jurisdiction is exclusive and does not evaporate merely because the juvenile turns 18 after judicial proceedings against him have been initiated. *State ex rel Juv. Dept. v. Standiford,* 7 Or App 626, 627-28, 492 P2d 830 (1972). When the remand motion was denied, the only permissible procedure for the state was to proceed against defendant within the juvenile court system.[5]

Affirmed.

---

[5] The record does not indicate why the state did not appeal the juvenile court order of dismissal. ORS 419.561 provides that "any person whose rights or duties are adversely affected by a final order of the juvenile court may appeal therefrom." In *State ex rel Juv. Dept. v. Brown,* 33 Or App 423, 425, 576 P2d 830 (1978), we held that an order denying remand was not appealable because it was not a final order. A dismissal, as in this case, is a final order. The appealability of such an order was not barred by *Brown* and is at least an open question.