# STATE OF OREGON,
*Respondent,*

*v.*

# RALPH LAKE LEDFORD, JR.,
*Appellant.*

## (No. D1-7331, CA 16838)

615 P2d 1161

David Lowry, Eugene, argued the cause and filed the brief for appellant.

W. Benny Won, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

BUTTLER, J.

**BUTTLER, J.**

Defendant appeals from his conviction by a district court jury for violation of ORS 498.142, hunting with an artificial light.[1] He contends that neither the district court nor the juvenile court had jurisdiction of the case because it was commenced in district court when he was 17, was remanded to the juvenile court after he became 18 at which time that court had no jurisdiction to remand it back to the district court.[2] He also contends the trial court erred in denying his motions for judgment of acquittal. We affirm.

Defendant received the citation in the early morning hours of October 7, 1978, after the truck in which he was riding with two other men and a young boy was stopped by an Oregon State Police trooper. The trooper had observed a light from the truck pass over a resting deer. Shortly thereafter he heard a shot from a small caliber rifle followed within ten or fifteen seconds by a shot from a large caliber rifle. The trooper intercepted the truck and found a large and a small caliber rifle, both of which smelled as though they had been fired recently. He also found a hand-held spotlight which was still warm. The next day the trooper found a dead deer in the area where he had seen the spotlight shining. The deer had been shot once by a large caliber weapon and once by a small caliber weapon.

Defendant, whose birth date is June 9, 1961, was 17 years and 4 months old when the citation was

---

[1] ORS 498.142 provides:

"(1) Except as provided in subsection (2) of this section, no person shall hunt wildlife with the aid of any artificial light.

"(2) The commission, by rule, may authorize hunting with the aid of an artificial light for the purpose of taking raccoon, opossum or bobcat or to alleviate damage by wildlife to other resources."

[2] Defendant would have us accept a proposition analogous to that advanced by Frederick's guardian in Gilbert and Sullivan's *Pirates of Penzance,* who contended that because his ward was born on February 29, he had a birthday only once every four years and therefore had attained the age of six after living 21 years.

issued. Trial was set for May, 1979, but was postponed for reasons not pertinent here. On June 11, 1979, two days after defendant turned 18, he filed a motion to dismiss the complaint or, alternatively, to transfer the proceeding to juvenile court. That motion noted that defendant was a juvenile at the time of the violation, and that fact appeared on the face of the citation. The district court ordered the proceedings transferred to the Lane County Juvenile Court but received a memorandum in reply which indicated that the juvenile court did not have jurisdiction over defendant because he was then 18 years of age. Thereupon the district court determined that it had jurisdiction over defendant and the case went to trial. Defendant was found guilty.

Defendant contends first that the district court had no jurisdiction to proceed against him because he was under 18 years of age when the proceeding was initiated in the district court, and by the time the case was "transferred" to the juvenile court, he was beyond the jurisdiction of that court. Although the proceedings were initiated in the district court when defendant was a juvenile, the Lane County Juvenile Court had a "blanket remand" order in effect at that time, issued pursuant to ORS 419.533(3), which provides:

"The juvenile court may enter an order directing that all cases involving violation of law or ordinance relating to the use or operation of a motor vehicle, boating laws or game laws be remanded to criminal or municipal court, subject to the following conditions:

"(a)  That the criminal or municipal court prior to hearing a case, other than a case involving a parking violation, in which the defendant is or appears to be under 18 years of age notify the juvenile court of that fact; and

"(b)  That the juvenile court may direct that any such case be remanded to the juvenile court for further proceedings."

The court's order is in substantially the terms of the statute. This proceeding, therefore, was properly commenced in the district court, subject to that court's notifying the juvenile court prior to trial and giving that court an opportunity to direct remand to juvenile court.

■     Defendant argues, however, that the district court had no jurisdiction in this case *until* it had notified the juvenile court of the pendency of the proceedings and the juvenile court had acted thereon. We do not agree. We construe the remand order, and the statute on which it is based, as providing that all cases involving game law violations are remanded to adult court subject to the conditions subsequent: the juvenile court be given notice of the proceeding and the opportunity to direct remand to juvenile court. If the notice is given and the juvenile court does not order remand, jurisdiction of the case remains in the district court.

■     Although it is true that juvenile court was not notified of this proceeding immediately, the only time requirement set forth in the statute and the blanket remand order is that juvenile court be notified "prior to hearing" of the case. That notice does not, of itself, transfer jurisdiction to the juvenile court but merely gives that court the opportunity to direct remand. We find no authority for the order of the district court ordering transfer of the proceedings to juvenile court in light of the blanket remand in effect.[3] Therefore, that order served only to notify the juvenile court of the proceedings against defendant and was not a transfer of jurisdiction. The juvenile court then had authority to direct remand of the proceedings to juvenile court, but it did not do so. There is no requirement that an order of the juvenile court be entered

[3] ORS 419.478 requires transfer to juvenile court if it is determined that the age of the defendant is such that the matter is within the exclusive jurisdiction of the juvenile court. However, where, as here, there is a blanket remand order which covers the case, application of that statute would result in a *renvoi* which would never end.

allowing the district court to proceed because jurisdiction remained, at least tentatively, in the district court throughout pursuant to the blanket remand.

■ The fact that the district court did not notify juvenile court of the proceedings against defendant until several months after their initiation, and until after defendant had reached his eighteenth birthday, does not change the fact that if it had chosen to do so, the juvenile court could have asserted jurisdiction based on the fact that defendant was a juvenile when the proceedings were initiated.[4] It is at that time that jurisdiction of juvenile court is determined, *State v. Watchman,* 20 Or App 709, 533 P2d 361 (1975); *State v. Richmond,* 31 Or App 553, 570 P2d 1014 (1977), and even though juvenile court did not assert its jurisdiction, once it is established by the initiation of proceedings, it continues until the case is disposed of, ORS 419.531,[5] or until the child attains age 21. *State v.*

---

[4] It is that fact which distinguishes this case from *State v. Scurlock,* 286 Or 277, 593 P2d 1159 (1979). In *Scurlock* the proceedings were not initiated until after the defendant was over 18 years old and the juvenile court had no opportunity to assert its jurisdiction. In addition, the delay in *Scurlock* was intentionally aimed at depriving the juvenile court of jurisdiction. There is no suggestion here that the failure to notify the juvenile court was based on anything but inadvertence. Neither was the delay in notification an attempt to nullify a denial of remand to adult court as in *State v. Thornton,* 41 Or App 469, 599 P2d 1160 (1979).

[5] ORS 419.531 provides:

"The court's wardship over a child brought before it continues until whichever of the following occurs first:

"(1) The court dismisses the petition concerning the child or remands the case to the appropriate court handling criminal actions, or to municipal court. If the court has wardship of a child based upon a prior petition, remanding the child to the court handling criminal actions, or to municipal court in connection with a subsequent violation of a law or ordinance relating to the use or operation of a motor vehicle does not terminate the wardship, unless the court so orders.

"(2) The court transfers jurisdiction over the child as provided in ORS 419.479, 419.547 or 419.549.

"(3) The court by order terminates its wardship.

"(4) A decree of adoption of the child is entered by a court of competent jurisdiction.

"(5) The child becomes 21 years of age."

*Weidner,* 6 Or App 317, 484 P2d 844, 487 P2d 1385 (1971). Because this judicial proceeding was initiated at a time when juvenile court had jurisdiction, it could have ordered the case remanded; failing that, the district court retained jurisdiction to try defendant.

■ Defendant next argues that his motion for judgment of acquittal at the end of the prosecution's opening statement should have been granted because the prosecutor did not tell the jury that the state would prove that defendant shot a deer or held a light for another to do so. The prosecutor did not, however, tell the jury that there was no such evidence. Defendant relies on cases in which the opening statement was conceded to be the most favorable statement of the facts which could be adduced and which was found to be wanting.[6] That is not the situation here. The prosecutor indicated to the court that other evidence would be presented and the opening statement was intended only to lay out the "story line."

> " 'The opening statement is * * * not intended to take the place of a complaint or other pleading, and how full it shall be * * * is left to the attorney's discretion * * *.' *Lane v. Portland Ry., L. & P. Co.,* 58 Or 364, 114 P 940 (1911)." *State v. Keaton,* 15 Or App 477, 482, 516 P2d 490 (1973), *rev den* (1974).

■ Defendant's final assignment of error is the trial court's denial of his motion for judgment of acquittal at the conclusion of the state's case in chief. Defendant contends that the state produced no evidence that he either shot one of the rifles or held the spotlight and that there was evidence that he did neither. Defendant, however, admitted to the officer at the scene that he had fired the smaller caliber weapon, although claiming to have fired it into the air. Given defendant's admission and the officer's testimony that there were two shots, one from a large and one from a small caliber gun, and the fact that a deer was found

---

[6] Defendant cites *Bailey v. Mead,* 260 Or 410, 492 P2d 798 (1971), and *Sadler v. Sisters of Charity,* 247 Or 50, 426 P2d 747 (1967).

which had been shot once with a small caliber and once with a large caliber gun, the jury could have found that it was defendant who fired the small caliber rifle at the deer. There was conflicting testimony, but those conflicts are for the jury to resolve. The motion for judgment of acquittal was properly denied.

Affirmed.