Argued and submitted March 29, reversed and
remanded with instructions August 4, 1982

## THOMAS STEVEN DELANEY,
*Appellant,*

*v.*

## STATE OF OREGON,
*Respondent.*

(No. 126,419, CA A22371)

648 P2d 1302

Charles Carter, Portland, argued the cause and filed the briefs for appellant.

Christine L. Dickey, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

**GILLETTE, P. J.**

Petitioner appeals the denial of his petition for post-conviction relief, contending that his conviction in the circuit court for theft is void, because he was 17 years old when he was indicted and had not been remanded to adult court and the juvenile court, therefore, had exclusive jurisdiction in this case. We vacate the conviction.

Petitioner was born November 15, 1960. He was indicted for theft, arrested on the indictment and released in March, 1978, at a time when he was still 17 years old. There had been no juvenile court proceeding and no remand on the charge. He immediately left the state. A charge of failure to appear was brought before he was again arrested on November 3, 1978. He was arraigned on November 6, and defense counsel was appointed. Defendant's counsel learned that defendant was 17 years old and so informed the district attorney. However, both counsel were of the opinion that, because defendant was within a few days of his 18th birthday, a transfer of the case to the juvenile court was unnecessary. After negotiations between defense counsel and the district attorney, a plea bargain was reached whereby defendant agreed to plead guilty to the theft charge, the failure to appear charge would be dismissed and probation would be recommended. Defendant's guilty plea was entered on November 21, 1978, six days after his 18th birthday.

Defendant contends that, because he was 17 years when indicted, the juvenile court had exclusive original jurisdiction in the case. He relies on ORS 419.476(1), which provides:

> "The juvenile court has exclusive original jurisdiction in any case involving a person who is under 18 years of age and:
>
> "(a) Who has committed an act which is a violation, or which if done by an adult would constitute a violation, of a law or ordinance of the United States or a state, county or city.
>
> "* * * * *."

The state contends that under *Hadlock v. Cupp,* 1 Or App 62, 457 P2d 666, *rev den* (1969), the original

indictment was valid and, when defendant reached his majority, the circuit court had jurisdiction to accept his guilty plea and enter the conviction. In *Hadlock,* as in this case, the fact of the child's minority was not discovered until after the indictment had been brought. However, in that case the proceedings were transferred to juvenile court as required by ORS 419.478, and the juvenile court then remanded the child to the circuit court. This court held that the original indictment remained viable after the remand. The issue here is not the viability of the indictment, but the jurisdiction of the circuit court in the absence of a remand from the juvenile court over an individual who was a minor when indicted.

This court has held that the jurisdiction of the juvenile court does not depend on the defendant's age at the time the criminal act was committed, but his age at the time judicial proceedings were initiated. *State v. Richmond,* 31 Or App 553, 570 P2d 1014 (1977); *State v. Watchman,* 20 Or App 709, 533 P2d 361, *rev den* (1975). In those cases, the defendants had not been charged until after reaching the age of 18, although the acts were committed when they were 17. The rule is different, however, where the delay in charging a defendant is intentional. In *State v. Scurlock,* 286 Or 277, 593 P2d 1159 (1979), the district attorney had intentionally delayed bringing charges until after the defendant's 18th birthday in order to avoid the jurisdiction of the juvenile court. The Supreme Court, relying on ORS 419.573(1), which provides that the jurisdiction of the juvenile court "shall attach from the time the child is taken into custody," held that the legislature intended that the juvenile court, not the district attorney, determine whether an individual should be retained under juvenile court jurisdiction or remanded to an adult court. It held that exclusive jurisdiction in that case lay in the juvenile court, because the defendant *would* have been taken into custody before reaching age 18 if the district attorney had acted in accordance with that policy. 286 Or at 281-83.

It is not important in this case whether the event triggering juvenile court jurisdiction is the initiation of judicial proceedings or the taking of the child into custody; both of those events occurred while this defendant was 17

years old. The juvenile court had exclusive original jurisdiction of the matter. Absent a remand from the juvenile court, the circuit court lacked jurisdiction.

■    Reversed and remanded with instructions to vacate conviction.[1]

---

[1] In *Scurlock,* the trial court had dismissed the indictment. The Supreme Court held that there was no statutory authority for dismissal and that the proper remedy was remand to the juvenile court. 286 Or at 282-83. However, in the instant case, petitioner is now 21 years old. The juvenile court's jurisdiction terminates when a child reaches 21 years of age. ORS 419.531; ORS 419.511; *State v. Scurlock, supra; State v. Porter,* 29 Or App 67, 562 P2d 566, *rev den* (1977); *State v. Weidner,* 6 Or App 317, 484 P2d 844, 487 P2d 1385 (1971). The case may not now be remanded to the juvenile court.