COMMONWEALTH TRIAL COURT

IN RE THE MATTER )　　　　JUVENILE CASE NO. 86-20
)
SINTOSHI S. SUDA, )
)　　　　　　　ORDER
A Minor. )
)

The motion of the Commonwealth of the Northern Mariana Islands, pursuant to 6 CMC §5102, to treat Sintoshi S. Suda as an adult by virtue of the fact that he is over the age of 18, came on for hearing July 22, 1986.[*] The subject Sintoshi S. Suda appeared in person and with his counsel Robert Naraja of the Public Defender's Office. Assistant Attorney General Jane Haggerty appeared on behalf of the Commonwealth.

On July 2, 1986, the Commonwealth filed a complaint of juvenile delinquency with the Juvenile Division of this court alleging three counts of burglary, criminal mischief, and theft.

---

[*]At the time of hearing, the Commonwealth filed a motion to dismiss the case due to lack of juvenile court jurisdiction over Mr. Suda. It appears appropriate for the reasons stated in this Order, and thus the original motion to treat as an adult is hereby withdrawn.

16

At the time of filing, Sintoshi S. Suda was over the age of 18. The Complaint of Delinquency alleged that the offenses were committed by Suda several weeks before he turned 18.

The issue before the court, sitting as a juvenile court, is whether it has jurisdiction over a case where the alleged offense occurred while the offender was under the age of 18, but where juvenile charges were filed after he reached that age.

A review of the Commonwealth Code fails to provide a clear and precise answer to the question. See generally 6 CMC §§ 5101-5107. In cases filed with the juvenile court, the court's position has been that once a person reaches the age of 18 the juvenile court loses jurisdiction over that person. Such appears to be in line with statutory provisions. Thus, 6 CMC §5101 provides that proceedings brought against a person as a delinquent child shall be brought in the Commonwealth Trial Court, sitting as a juvenile court. [Emphasis added.]

A "delinquent child" is defined, inter alia, to include any juvenile who violates any Commonwealth law, ordinance, or regulation while under the age of 18. 6 CMC §5103(a). A "juvenile" is defined as any person under the age of 18 years. 1 CMC §2373(f).

Next, 6 CMC §5104 provides, in part, that proceedings against a person under 18 years of age as a delinquent child shall be conducted in accordance with the provisions of this Division[5], 6 CMC. [Emphasis added.] The implication of this section, in conjunction with the other statutory provisions

**17**

respecting juvenile matters, is that the juvenile court simply has no jurisdiction over persons who are 18 years of age, even if the alleged offenses were committed prior to that age. In other words, the age of the person at the time of commencement of proceedings governs, so that once a person reaches 18 years of age, the juvenile court loses jurisdiction over that person.

On this issue the various state jurisdictions are split, with some juvenile courts asserting jurisdiction even after the child has reached the age of 18, and others asserting that they do not have jurisdiction. See generally 47 Am.Jur 2d Juvenile Courts, Etc. §27; Annot., 89 ALR 2d 506 "Juvenile Court -- Jurisdiction -- Age". The split appears to turn on the wording of each jurisdiction's respective juvenile statutes.

Thus, states like Oregon and Washington take the position that once a child reaches 18 years of age, the juvenile court loses jurisdiction even if the offense were committed while under 18. See: State v. Richmond, (Or. 1977) 570 P.2d 1014; State v. Darden, (Wash. 1981) 635 P.2d 760. In other words, the charges against a person who has turned 18 should be brought before the adult criminal court.

With respect to Sintoshi S. Suda, therefore, the juvenile court has no jurisdiction over him by virtue of the fact that he was over the age of 18 at the time proceedings against him were commenced. In the absence of jurisdiction, the complaint of juvenile delinquency against Suda, of necessity, has to be dismissed without prejudice on the part of the Commonwealth to file the same charges with the Criminal Division of the

**18**

Commonwealth Trial Court, which division has proper jurisdiction to hear and consider the matter.  Therefore,

IT IS HEREBY ORDERED that above-captioned juvenile complaint be, and the same is hereby, dismissed without prejudice to the Commonwealth to file an appropriate criminal information with the Criminal Division of the Commonwealth Trial Court.

Dated at Saipan, CM, this 23rd day of July, 1986.

Jose S. Dela Cruz, Associate Judge