Argued and submitted June 22, 1994, reversed and remanded March 8, 1995

## CHESTER PAUL BROWN,
*Respondent,*

*v.*

## Carl ZENON,
Superintendent,
Oregon State Correctional Institution,
*Appellant.*

(91C-11325; CA A80790)

891 P2d 666

Janet A. Klapstein, Assistant Attorney General, argued the cause for appellant. With her on the brief were Theodore

R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Gary D. Babcock argued the cause and filed the brief for respondent.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

RIGGS, J.

**RIGGS, J.**

The state appeals from a judgment granting post-conviction relief. ORS 138.650. The post-conviction court decided that the juvenile court had exclusive original jurisdiction over this case and, therefore, set aside petitioner's convictions and remanded the case to juvenile court. We reverse and remand.

The facts are undisputed. Petitioner was born December 19, 1969. On November 7, 1987, he and his brother stole a pick-up truck. At the time the theft occurred, petitioner was on parole from a juvenile detention facility and living in Junction City, but had gone to his mother's home in Coos Bay for the weekend.

Shortly after the truck and its contents were stolen, its owner reported the crime to the police. On December 8, 1987, petitioner's mother's boyfriend called the Coos County sheriff's office and reported that he had found a shotgun in petitioner's brother's room. The serial number on that gun matched the serial number of the gun reported as stolen by the truck owner. On December 10, 1987, petitioner's brother confessed to the crime and implicated petitioner. Petitioner was returned to the juvenile facility on December 11, 1987, because of his suspected involvement in the theft of the pick-up. On December 19, 1987, petitioner's 18th birthday, an Oregon state trooper contacted petitioner, and petitioner gave a statement about his participation in the theft of the pick-up. The report of that statement was not completed until December 21, 1987, and the prosecutor did not receive the report until early January, 1988. Even though the district attorney knew, before petitioner's 18th birthday, that plaintiff's brother had implicated plaintiff, he did not charge petitioner until early January, 1988, because he did not believe that he had "sufficient evidence to support filing criminal charges."

Petitioner was indicted on January 29, 1988, pled guilty to theft and unauthorized use of a motor vehicle in adult court and was sentenced on June 7, 1988. Petitioner then filed this petition for post-conviction relief, alleging that he was in custody before his 18th birthday and that the prosecutor intentionally delayed filing charges in order to

avoid juvenile court jurisdiction. The post-conviction court found that the claim of prosecutorial misconduct was not supported by the evidence. However, the court also found that

> "the evidence is clear that the petitioner was in the custody of the juvenile authorities prior to his 18th birthday and that the pending new charges * * * were part of the basis therefor. Petitioner was interviewed about these matters while in custody at MacLaren on prior juvenile court adjudications."

For that reason, the post-conviction court concluded that the juvenile court had exclusive original jurisdiction, set aside the circuit court convictions and remanded the case to juvenile court.

■ The state assigns error to the court's conclusion that the juvenile court had exclusive jurisdiction over this case. Our review is limited to errors of law appearing in the record. ORS 138.220. The findings of fact of the post-conviction court are binding on appeal if there is evidence to support them. *Ball v. Gladden*, 250 Or 485, 443 P2d 621 (1968).

The issue in this case is when juvenile court jurisdiction attached. If petitioner can show that the court lacked jurisdiction to impose the judgment rendered on his conviction, he is entitled to post-conviction relief. ORS 138.620(2); ORS 138.530(1)(b).

ORS 419C.094,[1] the only statute addressing when juvenile court jurisdiction attaches in delinquency proceedings, provides:

> "[T]he jurisdiction of the juvenile court of the county in which a child is taken into protective custody shall attach from the time the child is taken into custody."

---

[1] ORS 419C.094 was not enacted until 1993, well after the events in this case. However, the provision was in substantially the same form at *former* ORS 419.579(1) (*repealed by* Or Laws 1993, ch 33, § 373). The enactment of ORS 419C.094 and the repeal of *former* ORS 419.579 were part of a major re-organization of the juvenile code undertaken by the 1993 legislature. As part of that reorganization, most of the statutes involving juveniles were repealed. New provisions were enacted, and, often, those new provisions are the same as the previous provisions with a new numbering scheme. None of the provisions at issue in this case underwent any substantive change. The term "protective custody" replaced "temporary custody" without changing the substance of temporary custody. Throughout this opinion, for ease of reference, we use the current statutory numbering scheme.

Our earlier cases, specifically *State v. Richmond*, 31 Or App 553, 570 P2d 1014 (1977), and *State v. Watchman*, 20 Or App 709, 533 P2d 361, *rev den* (1975), held, without reference to the statute, that jurisdiction attached when judicial proceedings were initiated. The Supreme Court, in *State v. Scurlock*, 286 Or 277, 593 P2d 1159 (1979), relied on the statute and held that jurisdiction attached when a child was taken into protective custody.

■ Thus, jurisdiction attaches when a child is taken into protective custody. ORS 419B.157; ORS 419C.094. If a child is not taken into protective custody, jurisdiction attaches when other steps are taken to initiate judicial proceedings. *See Delaney v. State of Oregon*, 58 Or App 442, 445, 648 P2d 1302 (1982); *State v. Richmond, supra*; *State v. Watchman, supra*.

■ Petitioner does not challenge the fact that the first step to initiate judicial proceedings other than custody, *i.e.*, the filing of an indictment, was not taken until after his 18th birthday. Thus, the only question on appeal is whether petitioner was in protective custody before he turned 18. The post-conviction court found that he was in custody before he turned 18, but did not clarify whether he was in protective custody or some other form of custody and, thus, we cannot tell whether juvenile court jurisdiction had attached.

Protective custody is authorized by ORS 419C.080 and ORS 419B.150 only in certain circumstances. The sole circumstance applicable here is described in ORS 419C.080(1): "[I]f the child were an adult, the child could be arrested without a warrant." An adult may be arrested without a warrant only when there is probable cause. ORS 133.310. In addition, when a child is taken into protective custody, certain procedures must be followed, *e.g.*, notifying the juvenile court and notifying the juvenile's guardians. ORS 419C.106; ORS 419C.097. Alternatively, a child's parole may be revoked and the child returned to MacLaren school under ORS 420.045(3) whenever continued parole would not be "in the best interests of the student or community." The revocation of parole does not require probable cause, nor are there similar statutory procedures that the juvenile authorities must follow in revoking parole.

In this case, the court made seemingly inconsistent findings. First it found that, when petitioner was interviewed on December 19, he was "in custody at MacLaren *on prior juvenile court adjudications.*" (Emphasis supplied.) That finding would support a conclusion that petitioner was not in protective custody, but, instead, had been returned to Mac-Laren for parole violations. If, in fact, that is what occurred, then the post-conviction court erred and relief should not have been granted. However, the court also found that petitioner was in custody and "that *the pending charges were part of the basis therefor.*" (Emphasis supplied.) That finding would support the conclusion that petitioner was in protective custody.

Therefore, we must reverse and remand for further proceedings for the purpose of determining why petitioner was taken into custody before his 18th birthday.

Reversed and remanded for further proceedings not inconsistent with this opinion.