Argued and submitted February 12, affirmed March 26, 2014

In the Matter of F. I. K.,
a Child.
DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

R. S.,
*Appellant.*

Douglas County Circuit Court
1000169;
Petition Number 10JU114;
A155124

322 P3d 572

Shannon Storey, Senior Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Erin K. Galli, Senior Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Judy C. Lucas, Senior Assistant Attorney General.

Before Duncan, Presiding Judge, and Wollheim, Judge, and Lagesen, Judge.

LAGESEN, J.

**LAGESEN, J.**

Mother appeals a judgment of the juvenile court establishing a guardianship under ORS 419B.366 for her minor child. Her first assignment of error asserts that "[t]he juvenile court erred in denying mother's motion to terminate the wardship." However, a review of the record demonstrates that mother did not move to terminate the wardship, or otherwise properly place the continuing jurisdiction of the court at issue. Instead, mother used the guardianship hearing to attack the court's initial jurisdictional determination.

For example, in her initial memorandum opposing the guardianship, mother argued:

> "In this case the [Department of Human Services (DHS)] has asserted that [mother] has an alcohol and substance abuse problem, but *has been unable to show that the alleged problem affects her parenting of [child]*. The agency asserted jurisdiction based on the speculation that if [mother] had an alcohol or substance abuse problem then it would affect [child]. The agency has kept [child] in foster care because [mother] has failed to satisfy the agency with regard to her behavior, *without ever establishing that [child] was in fact in danger.*"

(Emphases added.) Specifically, mother pointed to the fact that she had never been arrested for conduct related to the use or possession of alcohol or drugs. She asserted that, although DHS may have a "moral or political position that possession or use of illegal drugs or use of alcohol should disqualify a parent from parenting a child," that position "do[es] not establish that a child is in danger or in the jurisdiction of the juvenile court."

Mother's post-hearing memorandum further confirms her intent to collaterally attack the initial jurisdictional determination, rather than to contest the continuing jurisdiction of the juvenile court. As mother framed the issue after the hearing,

> "The continuing problem here is that [DHS] has assumed that [mother] has a substance abuse and alcohol abuse problem which she will not address, *without the agency ever establishing that such a problem existed.*
>
> "* * * * *

"It is no wonder that the agency's treatment program fails when the agency seeks to solve a *non-existent problem* by insisting that [mother] has to acknowledge and accept the erroneous conclusion that [mother] has endangered [child] by alcohol and drug abuse."

(Emphases added.) And the evidence submitted by mother in conjunction with her post-hearing memorandum included several declarations from people stating that mother had "never" had any mental health or substance abuse problems that affected her capacity to parent, further indicating that mother's focus was on the initial jurisdictional determination.

The juvenile court's initial jurisdictional determination is not subject to collateral attack in that manner. Once the initial jurisdiction of the court is established, the issue in later proceedings—if jurisdiction is at issue—is whether jurisdiction continues. *See Dept. of Human Services v. A. R. S.*, 258 Or App 624, 634, 310 P3d 1186 (2013), *rev allowed*, 354 Or 735 (2014) (when a juvenile court's continuing jurisdiction is at issue, the review hearing "does not include a retrial of the original allegations"; rather, "[t]he evidence is limited to whether the conditions that were originally found to endanger a child persist" (internal quotation marks omitted)).

In sum, contrary to the allegations in her first assignment of error, mother did not file a motion to terminate the wardship, nor did she place the juvenile court's continuing jurisdiction at issue by some other means.[1] We reject the first assignment of error for that reason, and reject mother's other assignments of error without discussion. Accordingly, we affirm.

Affirmed.

---

[1] The juvenile court acknowledged that its continuing jurisdiction would have been subject to a proper challenge by mother. In rejecting mother's collateral attack on the initial jurisdictional determination, the court explained:

"So the Court does not believe that you can go back and contest earlier determinations. Those issues are precluded at this point. *I get that you can contest the current state of events or conditions since that last decision* but you're precluded from now contesting that earlier determination and the Court can take judicial notice of those earlier findings."

(Emphasis added.)