No. 588          August 28, 2024          497

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHRISTIAN GOIN,
aka Christian Joseph Goin,
*Defendant-Appellant.*

Marion County Circuit Court
21CR49716; A181383

James C. Edmonds, Judge.

Submitted July 12, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Marc Brown, Senior Deputy Defender, Oregon Public Defense Commission, filed the brief for appellant.

Jennifer S. Lloyd, Assistant Attorney General, waived appearance for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Defendant appeals a judgment of conviction for escape in the first degree, ORS 162.165, robbery in the first degree, ORS 164.415, kidnapping in the second degree, ORS 163.225, and possession of a weapon by an inmate, ORS 166.275. Defendant pleaded guilty to those charges. The trial court sentenced defendant to a total of 95 months in prison. Defendant's appointed counsel filed a brief pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). The brief does not contain a Section B. *See* ORAP 5.90(1)(b). We affirm.[1]

Having reviewed the record, we note that, before entering his plea, defendant moved to remand the case to juvenile court on the ground that the juvenile court had exclusive jurisdiction because defendant was under the age of 18 when he escaped from MacLaren Youth Correctional Facility. Defendant was still under 18 when he was arrested and returned to that facility. However, by the time the state charged defendant, he had turned 18. After holding a hearing on the motion, the trial court ruled that it had jurisdiction because defendant was returned to MacLaren on his original charges, and he was not in "protective custody" on the new charges at that time. *See Brown v. Zenon,* 133 Or App 291, 295, 891 P2d 666 (1995) ("[J]urisdiction attaches when a child is taken into protective custody. ORS 419B.157; ORS 419C.094. If a child is not taken into protective custody, jurisdiction attaches when other steps are taken to initiate judicial proceedings.").

In 1997, ORS 419C.094 was amended to delete the word "protective." Or Laws 1997, ch 727, § 4. ORS 419C.094 now provides, in part, that "the jurisdiction of the juvenile court of the county in which a youth is taken into custody *** shall attach from the time the youth is taken into custody." Because the statute no longer refers to protective custody, there are reasons to question the trial court's ruling denying the motion to remand the case to juvenile court.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel. *See, e.g.*, *State v. Yother*, 310 Or App 563, 484 P3d 1098 (2021) (deciding matter submitted through *Balfour* process by two-judge panel); *Ballinger v. Nooth*, 254 Or App 402, 295 P3d 115 (2012), *rev den*, 353 Or 747 (2013) (same).

Whether or not he was taken into protective custody before he turned 18, the statute now appears to provide that juvenile court jurisdiction attaches in delinquency cases when the youth is taken into custody.

However, after the ruling denying the remand, defendant pleaded guilty to four charges associated with his escape from MacLaren. Defendant did not enter a conditional plea pursuant to ORS 135.335(3) reserving his right to challenge the trial court's ruling. Instead, in his petition to enter his pleas, defendant indicated that he understood that he was giving up all rights of appeal to this court, other than certain challenges to his sentence. As a result, we have no authority to reach the question of whether the trial court erred in denying the motion to remand. *See* ORS 138.105(5) ("The appellate court has no authority to review the validity of the defendant's plea of guilty or no contest, or a conviction based on the defendant's plea of guilty or no contest[.]"); *see also State v. Belzons,* 140 Or App 198, 200-01, 915 P2d 428 (1996), *rev den,* 324 Or 513 (1997) (defendant who pleaded no contest in district court could not, on appeal, challenge the district court's alleged lack of jurisdiction).

Although we have no authority to reach the issue, defendant may not be without recourse to raise the issue of whether the 1997 statutory amendments altered the jurisdictional analysis in *Brown*, on which the trial court relied. *See* ORS 138.530.

Affirmed.