No. 386 April 30, 2025 247

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MUSTAFA ABDULLAHI YUSUF,
*Defendant-Appellant.*

Washington County Circuit Court
19CR27646; A183073

Erik M. Bucher, Judge.

Submitted March 14, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Emma Izaguirre, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Jennifer S. Lloyd, Assistant Attorney General, waived appearance for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Defendant appeals a judgment of conviction entered after a bench trial. Appointed counsel filed a brief pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). The brief does not contain a Section B. *See* ORAP 5.90(1)(b). We affirm.[1]

This case arises from an incident on a TriMet MAX platform, in which defendant exposed himself to a 15-year-old girl, masturbated in front of her, and touched her without consent. The state filed its complaint in April 2019.

On defense counsel's motion and following an evaluation, the court determined that defendant was unable to aid and assist in his defense but was likely to have his capacity restored so that he could be tried. By July 2020, the court determined that defendant's capacity had been restored, and he was fit to proceed and set a new trial date for November 2020.

Trial was rescheduled several times over the next year-and-a-half.

In March 2022, defense counsel filed another motion to determine defendant's fitness to proceed. The court ordered defendant to engage in an evaluation by the Community Restoration Program. By September 2022, defendant had been determined to be competent to stand trial.

The court ultimately held trial in November 2023. At the outset, defendant sought to waive his right to jury trial. The court engaged in a colloquy with defendant and advised him of his rights, both orally and in writing, and ultimately accepted defendant's waiver.

At trial, defendant did not dispute that he had engaged in the alleged conduct but contended that he lacked sufficient mental capacity to form the requisite intent for the crimes charged. The court concluded that, although

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel. *See, e.g.*, *State v. Daily*, 335 Or App 198, 557 P3d 1153 (2024) (deciding matter submitted through *Balfour* process by two-judge panel); *State v. Goin*, 334 Or App 497, 556 P3d 663 (2024) (same).

defendant had been diagnosed with schizophrenia, and was likely suffering from untreated schizophrenia at the time of the incident, he nonetheless knowingly engaged in the conduct. The trial court found defendant guilty of one count of sexual abuse in the third degree, ORS 163.415, and one count of public indecency, ORS 163.465(2)(a). The court placed defendant on supervised probation for two years, imposing special conditions including that defendant engage in sex offender treatment and have "no offensive contact with TriMet."

Having reviewed the record, including the trial court file, the transcript of the hearings and the bench trial, and the *Balfour* brief, we have identified no arguably meritorious issues.

Affirmed.