No. 385 April 30, 2025 245

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MARK EDWARD SEIBOLD,
*Defendant-Appellant.*

Clackamas County Circuit Court
22CR08218; A182087

Heather Karabeika, Judge.

Submitted March 14, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Anna R. Johnson, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant. Section B of the brief was prepared by appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Joanna Hershey, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

LAGESEN, C. J.

Affirmed.

## LAGESEN, C. J.

Defendant appeals a judgment of conviction entered after a bench trial. Appointed counsel filed a brief pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). The brief contains a Section B, and defendant filed a *pro se* reply brief. *See* ORAP 5.90(1)(b). We affirm.[1]

The trial court found defendant guilty of failure to perform the duties of a driver when property is damaged, ORS 811.700, based on evidence that defendant was involved in a collision on the freeway, and that, after the drivers had pulled their vehicles to the shoulder, defendant drove away without having provided the other driver with the required information. *See* ORS 811.700(1)(b) (requiring driver to provide name, address, vehicle registration number, and insurance information in these circumstances). The trial court sentenced defendant to 12 months' bench probation, his drivers license was suspended for 90 days, attorney fees of $214, and a traffic fine of $360 were also imposed; after a contested restitution hearing, no restitution was ordered.

In Section B of defendant's brief, defendant challenges the sufficiency of the evidence arguing, essentially, that the trial court should have believed his version of what happened, and that what he did was sufficient to satisfy his statutory duties. He also argues that the state's witnesses lied and that recordings of a trooper's phone calls to defendant were not produced by the state.

Having reviewed the record, including the trial court file, the transcript of the hearings and the bench trial, and the *Balfour* brief, we have identified no arguably meritorious issues.

Affirmed.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel. *See, e.g.*, *State v. Daily*, 335 Or App 198, 557 P3d 1153 (2024) (deciding matter submitted through *Balfour* process by two-judge panel); *State v. Goin*, 334 Or App 497, 556 P3d 663 (2024) (same).