No. 388 April 30, 2025 253

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHET EVAN RAYMOND,
*Defendant-Appellant.*

Lane County Circuit Court
23CR04768; A184805

Bradley A. Cascagnette, Judge.

Submitted March 14, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Neil Francis Byl, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Jennifer S. Lloyd, Assistant Attorney General, waived appearance for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Defendant appeals a judgment of conviction entered after defendant pleaded guilty to two counts of unlawful use of a weapon and first-degree burglary. Appointed counsel filed a brief pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). The brief does not contain a Section B. *See* ORAP 5.90(1)(b). We affirm.[1]

A grand jury indicted defendant for two counts of attempted murder, four counts of unlawful use of a weapon, first-degree burglary, felon in possession of a firearm, unlawful use of a vehicle, recklessly endangering a person, and fourth-degree assault. In addition, there were allegations of aggravating circumstances for sentencing purposes. Defendant pleaded guilty to first-degree burglary with a firearm, and two counts of unlawful use of a weapon with a firearm. He also admitted the aggravating circumstances. The trial court sentenced defendant on the burglary conviction to 65 months' imprisonment with no alternative incarceration programs (AIP) with three years' post-prison supervision. On one of the unlawful use of a weapon convictions, the court sentenced defendant to 60 months' imprisonment, with "good time only, no AIP, consecutive to all previously imposed sentences." And for the second unlawful use of a weapon conviction, defendant was sentenced to 48 months' imprisonment based on a stipulated upward durational departure. That sentence was imposed consecutive to the previously imposed sentences, was "program and AIP eligible," and had a post-prison supervision term of one year.

Having reviewed the record, including the trial court file, the transcript of the hearings, and the *Balfour* brief, and taking into account our statutorily circumscribed authority to review, *see* ORS 138.105, we have identified no arguably meritorious issues.

Affirmed.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel. *See, e.g.*, *State v. Daily*, 335 Or App 198, 557 P3d 1153 (2024) (deciding matter submitted through *Balfour* process by two-judge panel); *State v. Goin*, 334 Or App 497, 556 P3d 663 (2024) (same).