No. 393 April 30, 2025 267

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DWAYNE JACKSON,
*Defendant-Appellant.*

Harney County Circuit Court
23CR44303; A183201

Robert S. Raschio, Judge.

Submitted March 14, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Carla E. Edmondson, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Jennifer S. Lloyd, Assistant Attorney General, waived appearance for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

After a bench trial on stipulated facts, defendant was convicted of disorderly conduct in the second degree, ORS 166.025, and was sentenced to 12 months of bench probation. Defendant's appointed counsel filed a brief pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). The brief does not contain a Section B. *See* ORAP 5.90(1)(b).

We have reviewed the record, including the trial court file, the transcript of the hearings and bench trial, and the *Balfour* brief, for arguably meritorious issues. The most contentious part of the litigation below was a discovery dispute. The charges against defendant were filed in early September 2023, and defendant requested discovery from the Harney County District Attorney's Office on September 12, 2023. The district attorney's office refused to provide the discovery at that time, pursuant to a policy of not providing discovery until after arraignment. Defendant then filed a motion to compel discovery but, before that motion had been fully litigated, defendant had been arraigned and the state had provided the discovery sought in the motion. The state then filed a response to defendant's motion to compel in which it asserted that there had been no violation but, in any event, the motion was moot because defendant had received the requested discovery, albeit after arraignment.

At a subsequent hearing on the motion to compel, defendant argued that the relevant discovery statute, ORS 135.815, had been amended in 2021 to remove a qualification that disclosures be made "after arraignment." Or Laws 2021, ch 409, § 2. Instead, under the current version of ORS 135.815(2)(a)(B), discovery now is to be provided "in accordance with ORS 135.845," which in turn provides that "[t]he obligations to disclose shall be performed as soon as practicable following the filing of an indictment or information in the circuit court or the filing of a complaint or information charging a misdemeanor or violation of a city ordinance." And yet, defendant argued, the Harney County District Attorney's Office was adhering to its previous policy regarding the timing of discovery, even after being informed of the statutory change. For that reason, defendant argued that

"whether or not the issue is moot * * * this Court should still review the issue" because it was capable of repetition but evading review.

At the hearing, the court expressed some agreement with defendant's underlying point that the district attorney's office's policy was inconsistent with the statute, but the court asked defendant to "flesh out" the constitutional harm with further briefing. Ultimately, after receiving further briefing, the trial court issued an oral ruling in which it agreed with defendant that there was a discovery violation, but agreed with the state that defendant had not shown any prejudice. The court explained that "there hasn't been any demonstration to the Court that there was any type of loss of investigation. So I'm going to deny the motion." The trial court then suggested that the county consider changing its policy on the timing of discovery because "[i]t's only a matter of time until something happens that creates a necessity for the Court to dismiss cases," and the hearing adjourned. Defendant and the state subsequently reached an agreement that resulted in a bench trial on stipulated facts regarding one of the counts, and the state not pursuing the other charges.

We see no arguably meritorious issues that could be raised with regard to the trial court's handling of defendant's motion to compel discovery, or its conclusion that defendant failed to establish any cognizable prejudice. Nor do we see any arguably meritorious issues with regard to any other parts of the proceedings below. We therefore affirm.[1]

Affirmed.

---

[1]   As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel. *See, e.g., State v. Daily*, 335 Or App 198, 557 P3d 1153 (2024) (deciding matter submitted through *Balfour* process by two-judge panel); *State v. Goin*, 334 Or App 497, 556 P3d 663 (2024) (same).