140 August 27, 2025 No. 776

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

DANIEL PAUL STICKA,
*Petitioner-Appellant,*

*v.*

STATE OF OREGON,
*Defendant-Respondent.*

Wallowa County Circuit Court
22CV29471; A184034

Wes Williams, Judge.

Submitted July 11, 2025.

Corbin Brooks and Equal Justice Law filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Adam Holbrook, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Petitioner appeals a judgment dismissing his petition for post-conviction relief. Appointed counsel filed a brief pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). The brief contains a Section B. *See* ORAP 5.90(1)(b). We affirm.[1]

Petitioner was convicted in the underlying criminal case of two counts of violating a stalking protective order and he was sentenced to probation. After a direct appeal affirming his convictions, he filed this petition for post-conviction relief.

In the post-conviction court, petitioner argued trial counsel was ineffective for failing to adequately investigate "petitioner's version of events and look[ ] into potential investigative leads that indicated the alleged victim fabricated her allegations." He argued that an adequate investigation "would have uncovered exculpatory evidence, impeachment evidence, and/or mitigation evidence that could have been used during plea negotiations, trial, and sentencing." Petitioner's declaration stated that petitioner had insisted on his innocence and that the victim was fabricating the allegations. He wanted trial counsel to investigate and find witness and told trial counsel that the victim was lying. He stated that he believed the evidence would have been "extremely significant to" his defense, and would have been "pivotal" in plea negotiations.

The state demurred to the petition arguing that it was not sufficiently "definite and certain," because petitioner did not specify or provide evidence concerning what investigation should have been conducted and which witnesses should have been called. ORS 135.630(6). The post-conviction court sustained the demurrer and granted petitioner leave to amend his petition to make it more definite and certain. After petitioner notified the court that he would not be filing another petition, the court entered a judgment dismissing the petition with prejudice.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel. *See, e.g., State v. Daily*, 335 Or App 198, 557 P3d 1153 (2024) (deciding matter submitted through *Balfour* process by two-judge panel); *State v. Goin*, 334 Or App 497, 556 P3d 663 (2024) (same).

In Section B of the opening brief, petitioner argues chiefly that his underlying convictions were based on one person's testimony and on hearsay evidence, and that he should have been allowed to take a polygraph and present it as evidence. None of his arguments presents a basis for post-conviction relief.

Having reviewed the record, including the post-conviction court file and the transcript of the hearings, and having reviewed the *Balfour* brief, we have identified no arguably meritorious issues.

Affirmed.