712 October 1, 2025 No. 856

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of A. M.-E.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. M.-E.,
*Appellant.*

Crook County Circuit Court
23JU04347; A186933

Daina A. Vitolins, Judge.

Submitted August 8, 2025.

Aron Perez-Selsky filed the brief for appellant. Section B of the brief was prepared by appellant.

Inge D. Wells, Assistant Attorney General, waived appearance for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Mother appeals a disposition judgment regarding her 15-year-old child A. Appointed counsel filed a brief pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). The brief contains a Section B, in which mother argues that the juvenile court was "wrong in taking and keeping jurisdiction in this case." *See* ORAP 5.90(1)(b). We affirm.[1]

In October and November 2024, the juvenile court entered judgments asserting jurisdiction over A based on her mental health issues that would lead to "suicidal ideations, attempted suicide and/or suicide" if she were returned to parents' care, her need for "mental health, trauma-based services to establish a meaningful relationship with her parents," and parents' inability or unwillingness to follow recommendations from mental health professionals for A's treatment. At the subsequent disposition hearing, mother moved to dismiss jurisdiction. We understand mother's arguments before the juvenile court to be that the court had never been presented with evidence that would support jurisdiction and essentially mounting an impermissible collateral attack on the court's initial assertion of dependency jurisdiction. *See Dept. of Human Services v. R. S.*, 261 Or App 815, 817, 322 P3d 572 (2014) (concluding that the juvenile court's initial jurisdictional determination was not subject to collateral attack at a later hearing on whether to establish a guardianship).

Having reviewed the record, including the trial court file, the transcript of the hearings, and the *Balfour* brief, we have identified no arguably meritorious issues.

Affirmed.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel. *See, e.g.*, *State v. Daily*, 335 Or App 198, 557 P3d 1153 (2024) (deciding matter submitted through *Balfour* process by two-judge panel); *State v. Goin*, 334 Or App 497, 556 P3d 663 (2024) (same).