Argued March 6, affirmed as modified May 1, 1979

# STATE OF OREGON, *Respondent,*
## v.
# RONALD E. SCURLOCK, *Petitioner.*
## (No. CA 9830, SC 25793)

593 P2d 1159

David M. Jaqua, Redmond, argued the cause and filed briefs for petitioner.

W. Benny Won, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Al J. Laue, Solicitor General, and James A. Redden, Attorney General, Salem.

HOWELL, J.

**HOWELL, J.**

The issue in this case is whether the juvenile court has jurisdiction over a defendant who commits an offense prior to reaching the age of 18 but who is not indicted until after his eighteenth birthday due to intentional delay on the part of the district attorney in seeking the indictment. The trial court held that the juvenile court had exclusive jurisdiction and dismissed the indictment. The State appealed, and the Court of Appeals reversed, 35 Or App 579, 581 P2d 986 (1978). We granted review, 285 Or 1 (1979).

Defendant was involved in an automobile accident on November 11, 1976, three months after his 17th birthday. The driver of the other automobile was seriously injured and her condition did not stabilize for two months. After her condition stabilized, the district attorney waited until after defendant had turned 18 and then sought an indictment against defendant for assault in the first degree, ORS 163.185, the alleged dangerous weapon being the automobile. The State concedes the delay was intentional and solely for the purpose of avoiding a juvenile court remand proceeding under ORS 419.533(1), thus insuring adult criminal treatment for defendant.

ORS 419.476 defines generally the jurisdiction of the juvenile court. Section (1)(a) provides:

"(1) The juvenile court has exclusive original jurisdiction in any case involving a person who is under 18 years of age and:

"(a) Who has committed an act which is a violation, or which if done by an adult would constitute a violation, of a law or ordinance of the United States or a state, county or city; * * *

" * * * * *."

ORS 419.573(1) provides that the jurisdiction of the juvenile court attaches at the time the child is taken into custody.[1] ORS 419.531 provides that the court's

---

[1] ORS 419.573(1): "Except as provided in ORS 419.579, the jurisdiction of the juvenile court of the county in which a child is taken into temporary custody shall attach from the time the child is taken into custody."

wardship over the child continues until certain specified events occur.[2]

One of the events that may terminate the juvenile court's wardship is the remand of the case by the juvenile court "to the appropriate court handling criminal actions." ORS 419.531(1). The procedures governing remand are specified in ORS 419.533, which provides in part:

"(1) A child may be remanded to a circuit, district, justice or municipal court of competent jurisdiction for disposition as an adult if:

"(a) The child is at the time of the remand 16 years of age or older;

"(b) The child committed or is alleged to have committed a criminal offense or a violation of a municipal ordinance; and

"(c) The juvenile court determines that retaining jurisdiction will not serve the best interests of the child because the child is not amenable to rehabilitation in facilities or programs available to the court.

"(2) The juvenile court shall make a specific, detailed, written finding of fact to support any determination under paragraph (c) of subsection (1) of this section."

---

[2] ORS 419.531: "The court's wardship over a child brought before it continues until whichever of the following occurs first:

"(1) The court dismisses the petition concerning the child or remands the case to the appropriate court handling criminal actions, or to municipal court. If the court has wardship of a child based upon a prior petition, remanding the child to the court handling criminal actions, or to municipal court in connection with a subsequent violation of a law or ordinance relating to the use or operation of a motor vehicle does not terminate the wardship, unless the the court so orders.

"(2) The court transfers jurisdiction over the child as provided in ORS 419.545 or subsection (2) of ORS 419.549.

"(3) The court by order terminates its wardship.

"(4) A decree of adoption of the child is entered by a court of competent jurisdiction.

"(5) The child becomes 21 years of age."

The defendant in the present case contends that because he would have been taken into custody prior to his eighteenth birthday were it not for intentional delay by the district attorney, the juvenile court has exclusive jurisdiction of this proceeding. Defendant claims that the Court of Appeals' holding to the contrary is inconsistent both with the legislative policy behind the above statutes and with the requirements of the Oregon and United States Constitutions.

Because we agree with defendant that the above statutes require that his case be heard initially by the juvenile court, we need not and do not express any opinion with respect to defendant's constitutional arguments. The State does not violate any of a defendant's constitutional rights if, under this court's interpretation of the controlling statutes, those rights are in fact protected. *See State v. Flores*, 280 Or 273, 282-83, 570 P2d 965 (1977) (Linde, J., dissenting.)

ORS 419.533 gives the juvenile court the power to remand a child within its jurisdiction to the circuit court for criminal proceedings if the court "determines that retaining jurisdiction will not serve the best interests of the child because the child is not amenable to rehabilitation in facilities or programs available to the court." In enacting this statute, the legislature recognized that there may be situations in which persons between the ages of 16 and 18 should be dealt with through the adult criminal process rather than the juvenile system. The power to determine whether such a situation exists, however, is clearly allocated to the *court,* not the district attorney.

■ Were we to sanction a procedure such as the district attorney employed in the present case, the legislature's decision to give the juvenile court power to determine the appropriateness of retaining jurisdiction in cases such as this could be completely frustrated. The period of limitations for prosecution of a felony is 3 years and for a misdemeanor, 2 years. ORS

[281]

131.125.[3] Under the holding of the Court of Appeals, if a juvenile committed a crime any time after his sixteenth birthday, the district attorney could in every instance delay prosecution until after the offender turned 18 and still be within the statutes of limitations. In effect, the initial determination as to whether a 16- or 18-year-old offender is better suited for treatment as a juvenile or an adult would be made by the district attorney, and only if the district attorney decided in favor of juvenile treatment would the juvenile court have an opportunity to consider the matter.[4]

■ This is not a case in which the delay in taking the defendant into custody was justified because there was a good faith investigation in progress. The State concedes that the delay was for the sole purpose of avoiding a remand proceeding under ORS 419.533. Under these circumstances, we hold that the defendant cannot initially be prosecuted as an adult in the circuit court.

■ We must next consider the appropriate remedy in this case. The trial court allowed the defendant's motion to dismiss the indictment. As the Court of Appeals noted, however, there is no statutory authority for dismissal of an indictment on these facts. Rather, we believe the appropriate remedy is the remand of defendant to juvenile court. ORS 419.478 provides:

> "If during the pendency of a proceeding in any court other than a juvenile court it is ascertained that the age of the person who is the subject of the

---

[3] The only exceptions are murder and manslaughter which are not subject to periods of limitations.

[4] Of course the district attorney also would be subject to due process limitations on charging the defendant, but these limitations bar prosecution only if the delay results in "substantial prejudice" to the accused. *United States v. Marion*, 404 US 307, 324-25 (1971). In most cases, the only limitation on delay by the prosecution in charging the defendant is the statute of limitations. *See State v. Serrell*, 265 Or 216, 219, 507 P2d 1405 (1973).

[282]

> proceeding is such that the matter is within the exclusive jurisdiction of the juvenile court, it is the duty of the court in which the proceeding is pending forthwith to transfer the proceeding, together with all the papers, documents and testimony connected therewith, to the juvenile court of the county in which the proceeding is pending."

This statute is not entirely on point since by its terms it applies only when the court determines that the matter *is* within the exclusive jurisdiction of the juvenile court. At the time the defendant in the present case was taken into custody, he was no longer within the jurisdiction of the juvenile court because he was over 18 years of age. Had the district attorney acted in a manner consistent with the legislative policy behind ORS 419.533, however, defendant would have been taken into custody prior to reaching age 18, and a prosecution in the circuit court would have been subject to remand pursuant to ORS 419.478.

We think the most appropriate means for the circuit court to effectuate the legislative policy behind the juvenile code in a case such as this is to follow the procedures mandated by ORS 419.478. Accordingly, we agree with the decision of the Court of Appeals that the order of the circuit court dismissing the indictment must be reversed and the case remanded. The circuit court on remand, however, should be directed to remand the defendant to the Juvenile Court of Deschutes County for further proceedings consistent herewith.

Affirmed as modified.