## STATE OF OREGON,
*Respondent,*

*v.*

## RICHARD KUHLMANN, JR.,
*Appellant.*

(32906; CA A31839)

707 P2d 623

Ernest D. Estes, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Stacia E. Reynolds, Certified Law Student, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant, who had been remanded from juvenile court to adult court, appeals his conviction on two counts of hindering prosecution, ORS 162.325, contending that the court erred in refusing to dismiss the indictment for lack of jurisdiction.

Defendant was born on December 29, 1965. On September 15, 1982, an amended petition was filed in the Polk County Juvenile Court, charging him with acts which, if committed by an adult, would constitute the crime of aggravated murder. Defendant's juvenile counselor filed a motion to remand defendant to circuit court to be tried as an adult. ORS 419.533. A remand hearing was held, and on October 19, 1982, the juvenile court issued a remand order. On October 20, 1982, an indictment was issued charging him with aggravated murder. On appeal, we affirmed the juvenile court's remand, *State ex rel Juvenile Department v. Kuhlmann,* 64 Or App 632, 669 P2d 842, *rev den* 296 Or 138 (1983); the Supreme Court denied review on December 6, 1983.

Defendant turned 18 on December 29, 1983. On January 25, 1984, an indictment was filed, charging him with three counts of hindering prosecution, specifically by the suppression and destruction of evidence which would have led to the apprehension of defendant and his father, Richard George Kuhlmann, for aggravated murder.

It is not disputed that the hindering prosecution charges arose out of the same transaction as the aggravated murder charge. Count I charged that defendant suppressed evidence of the crime of aggravated murder by the concealment and destruction of blood, clothing and rags; Count II alleged concealment of money orders, lettering material and other physical evidence of the aggravated murder; Count III alleged that defendant concealed a gun by burying it. All three charges were consolidated with the aggravated murder charge for trial, and on February 28, 1984, defendant was acquitted of murder[1] and convicted of two counts of hindering prosecution.

---

[1] On defendant's motion, the court removed the charge of aggravated murder from the jury's consideration, and the matter was submitted on the lesser included charge of murder.

After conviction, he moved to dismiss the indictment that charged hindering prosecution on the ground that jurisdiction was properly in juvenile court.

■    ORS 419.476 defines the jurisdiction of the juvenile court. Subsection (1)(a) provides:

"The juvenile court has exclusive original jurisdiction in any case involving a person who is under 18 years of age and:

"(a)    Who has committed an act which is a violation, or which if done by an adult would constitute a violation, of a law or ordinance of the United States or a state, county or city * * *."

Jurisdiction attaches at the time the child is taken into custody, ORS 419.573(1), and continues until certain events occur, one of which is remand to adult court. The controlling procedures are contained in ORS 419.533:

"(1)    A child may be remanded to a * * * court of competent jurisdiction for disposition as an adult if:

"(a)    The child is at the time of the remand 16 years of age or older;

"(b)    The child committed or is alleged to have committed a criminal offense * * *; and

"(c)    The juvenile court determines that retaining jurisdiction will not serve the best interests of the child because the child is not amenable to rehabilitation in facilities or programs available to the court.

"(2)    The juvenile court shall make a specific, detailed, written finding of fact to support any determination under paragraph (c) of subsection (1) of this section.

"* * * * *

"(4)    After the juvenile court has entered an order remanding a child to an adult court for doing an act which is a violation or which if done by an adult would constitute a violation of a law or ordinance of the United States or a state, county or city, the court may enter a subsequent order providing that in all future cases involving the same child, the child shall be remanded to the appropriate court without further proceedings under subsection (1) * * * of this section except that a finding under subsection (2) of this section must be reviewed and renewed before the case can be remanded.

"(5)    The juvenile court may at any time direct that the

subsequent order entered under subsection (4) of this section shall be vacated or that a pending case be remanded to the juvenile court for further proceedings. The court may make such a direction on any case but shall do so and require a pending case to be remanded to the juvenile court if it cannot support the finding required under subsection (2) of this section."

The court's remand may be specific as to a particular charge, in which case the juvenile court will retain jurisdiction with respect to future cases, or the court may issue a "blanket remand," covering all future cases. Here, the trial court did not issue a blanket remand, and the issue is whether the specific remand on the aggravated murder charge was broad enough to include the hindering prosecution charges. We conclude that it was.

Defendant's first argument is that, in order to evade the juvenile process, the district attorney intentionally waited until defendant was over 18 to bring the indictment. He contends that *State v. Scurlock,* 286 Or 277, 593 P2d 1159 (1979), requires that, when the act which gives rise to a criminal charge occurred before a defendant's eighteenth birthday, the defendant must be charged in juvenile court unless the state shows that the charge could not reasonably have been brought before the defendant's eighteenth birthday. We do not read *Scurlock* so broadly. It is sufficient for us to state that here, unlike in *Scurlock,* the district attorney did not attempt to thwart the juvenile process by deliberately delaying the bringing of charges until after defendant's eighteenth birthday.

Defendant next argues that the remand on the aggravated murder charge was not effective as to later charges, because it was not a "blanket remand." Defendant's reading of the statute is too narrow.

At a remand hearing, the inquiry is whether the juvenile or circuit court system would better serve the interests of both the child and the public. *State v. Weidner,* 6 Or App 317, 484 P2d 844, 487 P2d 1385 (1971). Here, the juvenile court's written findings addressed this question, and they reveal that the court considered defendant's numerous and frequent contacts with the juvenile system and his history of aggressive and disruptive conduct. The court concluded that

defendant would not be amenable to rehabilitation in the juvenile system and that the best interests of the child and the public required that he be tried as an adult. The identical inquiry would have been made as to the hindering prosecution charges. Although no blanket remand order had been issued and the initial remand was not effective as to *all* subsequent charges against defendant, it was broad enough to include the closely related charges of hindering prosecution. Those charges were, in essence, a part of the same case. They were so tightly intertwined with the charge of aggravated murder that a second remand hearing would have accomplished nothing. We hold that, when defendant was remanded under ORS 419.533(1) for aggravated murder, the remand necessarily included the closely related charges of hindering prosecution.

Affirmed.[2]

---

[2] Defendant's two other assignments of error do not merit discussion.