Submitted on record and briefs April 6, affirmed October 3, 2001

## STATE OF OREGON,
*Respondent,*

*v.*

## GEORGE M. PIKE,
*Appellant.*

## CR99-432; A109764

33 P3d 374

Stephen A. Houze filed the brief for appellant.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

KISTLER, J.

## KISTLER, J.

■ Defendant was convicted of third-degree sexual abuse. He appeals from a judgment sentencing him to 30 days in jail and five years' probation, arguing that the trial court erred in denying his motion to transfer his case to juvenile court for final disposition.[1] We affirm.

After defendant was 18 years old, he was charged as an adult with two counts of first-degree sexual abuse. The sexual abuse allegedly occurred when he was 17 years old. Defendant later pled guilty to two counts of third-degree sexual abuse. At sentencing, defendant argued that the trial court could not sentence him but should instead remand him to juvenile court. Defendant began from the proposition that ORS 137.707(1)(a) permitted him to be charged as an adult for first-degree sexual abuse. Because he was convicted of a lesser included offense, he reasoned that ORS 137.707(5)(b)(B) required the trial court to remand the case to juvenile court for final disposition. The state responded that ORS 137.707(1), and consequently ORS 137.707(5), were inapplicable because defendant was 18 years old when he was charged. It concluded that the trial court retained jurisdiction to sentence him as an adult. The trial court agreed with the state.

■ Before turning to defendant's arguments, it is helpful to put them in perspective. As a general rule, if a person is over 18 when he or she is charged with a criminal offense, that person will be tried as an adult. *See State v. Scurlock*, 286 Or 277, 282-83, 593 P2d 1159 (1979). That is true even if the person committed the charged offense before he or she became 18. *State v. Watchman*, 20 Or App 709, 711, 533 P2d 361 (1975).[2] Before 1995, if a person was under 18 when proceedings were initiated, he or she generally would be tried as a juvenile. *See* ORS 419C.005; *Watchman*, 20 Or App at 711.

---

[1] We review the trial court's decision to impose sentence for errors of law. *State v. Goltz*, 169 Or App 619, 624, 10 P3d 955 (2000), *rev den* 331 Or 583 (2001).

[2] When the state intentionally delays prosecution to avoid juvenile court jurisdiction, the court has recognized an exception to this rule. *Scurlock*, 286 Or at 281-82. In this case, there is no claim that the state intentionally delayed prosecuting defendant until after he turned 18.

In certain circumstances, however, the juvenile court could waive a youth who was within its jurisdiction to be tried as an adult. ORS 419C.340.[3]

In 1995, the legislature created an exception to juvenile court jurisdiction; it provided that certain juveniles who commit specific offenses will automatically be tried as adults. *See* ORS 137.707. Subsection (1)(a) of that statute provides:

> "Notwithstanding any other provision of law, when a person charged with * * * an offense listed in subsection (4)(a) of this section is 15, 16 or 17 years of age at the time the offense is committed, * * * the person shall be prosecuted as an adult in criminal court."

Subsection (5) provides for sentencing. It states, in relevant part:

> "If a person charged with an offense under this section is found guilty of a lesser included offense and the lesser included offense is:

> "(b) Not an offense listed in subsection (4) of this section:

> "* * * * *

> "(B) And is not an offense for which waiver is authorized under ORS 419[C].349, the court may not sentence the person. The court shall:

> "* * * * *

> "(iii) Enter an order transferring the case to the juvenile court for disposition under ORS 419C.067 and 419C.411."

The function of ORS 137.707 was to eliminate the juvenile courts' discretion with regard to a particular class of youths. Under the statute, juveniles who were 15, 16, and 17 years old when they allegedly committed their offenses are now automatically tried as adults if they are charged with certain enumerated crimes, and subsection (5) specifies sentencing options for persons charged under ORS 137.707.

---

[3] ORS 419C.340 *et seq.* address the juvenile court's authority to waive youths to adult court and the specific procedures and grounds a court must use in doing so. Since ORS 137.707 became law, the waiver statutes now apply, as a practical matter, only to those offenses not set forth in ORS 137.707(4).

With that background in mind, we turn to defendant's arguments. Defendant reasons that ORS 137.707(1)(a) and ORS 137.707(5)(b)(B) apply because he met all the statutory requirements set forth above: he was 17 years old at the time of the offense, he was charged with one of the offenses enumerated in the statute, and he was found guilty of a lesser included offense for which waiver is not authorized. It follows, defendant argues, that the trial court should not have sentenced him but should instead have remanded him to juvenile court for sentencing pursuant to ORS 137.707(5)(b)(B).[4]

Defendant misperceives the limited role that ORS 137.707 plays. That statute creates an exception for juveniles who, but for their age and charged offense, would otherwise be subject to the jurisdiction of the juvenile court. Defendant, however, could not have been and was not subject to the jurisdiction of the juvenile court because he was 18 years old when he was indicted. Rather, the trial court had jurisdiction to try and sentence defendant as an adult because of his age at the time of the indictment. The exception to juvenile court jurisdiction created in ORS 137.707, and the sentencing options set out in ORS 137.707(5), are inapplicable to defendant.

Affirmed.

---

[4] We note that, if defendant's argument were correct, it would lead to the anomalous result that the trial court would send his case to juvenile court for sentencing even though the juvenile court could never have asserted jurisdiction over him because of his age.