## STATE OF OREGON,
*Appellant,*

*v.*

## BRADLEY PHILLIP DAVIS,
*Respondent.*

030819; A122986

106 P3d 160

Susan L. Kanclier, Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Karen S. Torrey filed the brief for respondent.

Before Landau, Presiding Judge, and Armstrong, Judge, and Deits, Judge pro tempore.

LANDAU, P. J.

## LANDAU, P. J.

The state appeals an order dismissing a four-count indictment charging defendant with one count of third-degree assault, ORS 163.165, two counts of misdemeanor fourth-degree assault, ORS 163.160, and one count of driving under the influence of intoxicants (DUII), ORS 813.010. The trial court dismissed the indictment and ordered the case transferred to juvenile court on the ground that it lacked jurisdiction because defendant was 17 years of age when he committed the acts giving rise to the charges. The state contends that, although defendant may have been 17 when he committed those acts, he was 18 when he was taken into custody. According to the state, as long as there is no evidence of intentional delay in charging, it is defendant's age at the time he was taken into custody that determines jurisdiction. We agree with the state and reverse and remand.

The relevant facts are not in dispute. On November 16, 2002, defendant was involved in a traffic accident. He was 17 at the time. The sheriff's office investigated the accident and forwarded a report to the district attorney on March 25, 2003. On April 11, 2003, defendant turned 18. Three days later, the prosecutor decided to seek a grand jury indictment. The grand jury returned an indictment charging defendant with multiple counts of assault and one count of DUII. Defendant was later arrested on those charges.

Defendant moved for an order transferring the case to juvenile court on the ground that he was 17 at the time that he committed the acts that gave rise to the charges in the indictment. The state responded that the date defendant was taken into custody, not the date of the criminal acts, determines the court's jurisdiction unless there is evidence that the state intentionally delayed in bringing the charges.

The trial court granted defendant's motion. The court expressly found that the state had not engaged in intentional delay. The court further found that the delay from the time that the district attorney received the report from the sheriff's office to the time of indictment was a reasonable time within which to make a decision whether to seek charges. The court explained that it nevertheless was

granting defendant's motion out of "the need for public confidence in our system."

On appeal, the state argues that the trial court's finding that there had been no intentional delay is dispositive. We agree. ORS 419C.005 provides that "the juvenile court has exclusive original jurisdiction in any case involving a person who is under 18 years of age and who has committed an act that is a violation, or that if done by an adult would constitute a violation, of a law or ordinance of the United States or a state, county or city." ORS 419C.094 then provides that "the jurisdiction of the juvenile court of the county in which a youth is taken into custody * * * shall attach from the time the youth is taken into custody."

That means that, "[a]s a general rule, if a person is over 18 when he or she is charged with a criminal offense, that person will be tried as an adult." *State v. Pike*, 177 Or App 151, 153, 33 P3d 374 (2001), *rev den*, 333 Or 568 (2002). That is true even if the person was under the age of 18 when he or she committed the acts that gave rise to the charge. *Id.*; *State ex rel Juv. Dept. v. Fitch*, 192 Or App 56, 62, 84 P3d 190, *rev den*, 337 Or 282 (2004).

The courts have come to recognize an exception to the foregoing general rule in cases in which the state has intentionally delayed bringing charges to avoid juvenile court jurisdiction. The exception originated with the Supreme Court's decision in *State v. Scurlock*, 286 Or 277, 593 P2d 1159 (1979). In that case, the state conceded that it had delayed bringing charges against a youth until he turned 18 to avoid the jurisdiction of the juvenile court under the predecessor statute to ORS 419C.349.[1] The Supreme Court declared that the statutes do not authorize the prosecutor to decide—by intentionally manipulating the charging date— whether the juvenile court has jurisdiction. The court explained:

---

[1] Under that predecessor statute, *former* ORS 419.533, juveniles could be "remanded" to adult court, under certain circumstances. That statute was repealed in 1993 and replaced with ORS 419C.349, under which juveniles may be "waived" into adult court under substantially the same circumstances. Or Laws 1993, ch 33, § 213; Or Laws 1993, ch 546, § 78.

"This is not a case in which the delay in taking the defendant into custody was justified because there was a good faith investigation in progress. The State concedes that the delay was for the sole purpose of avoiding a remand proceeding under ORS 419.533. Under these circumstances, we hold that the defendant cannot initially be prosecuted as an adult in the circuit court."

*Scurlock*, 286 Or 282.

Since *Scurlock*, we have consistently described its holding in limited terms—that is, the general rule applies unless the state *intentionally* delays prosecution. *See, e.g., Fitch*, 192 Or App at 62 n 3 ("An exception to [the rule that the date the defendant is taken into custody controls] exists for circumstances in which the state intentionally delays prosecution to avoid juvenile court jurisdiction."); *Pike*, 177 Or App at 153 n 2 ("When the state intentionally delays prosecution to avoid juvenile court jurisdiction, the court has recognized an exception[.]").

Defendant acknowledges *Scurlock* but argues that we should expand the exception to include not just intentional delays but also delays occasioned by the negligence of the state. According to defendant, the state could have investigated this case more quickly and brought charges against defendant before he turned 18. The trial court, however, expressly found that any delay was reasonable. In any event, defendant's argument that the *Scurlock* exception should be expanded should be addressed to the Supreme Court.

In this case, the trial court found that the state had *not* engaged in intentional delay. Under the circumstances, the exception to the general rule does not apply. The date that defendant was taken into custody controls for the purpose of determining jurisdiction. It is undisputed that defendant was 18 when he was taken into custody. It necessarily follows that the trial court erred in dismissing the indictment and ordering the case transferred to the juvenile court.

Reversed and remanded.