450 May 14, 2025 No. 424

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SHARON CALLEN,
*Defendant-Appellant.*

Union County Circuit Court
21CR20835; A179846

Thomas B. Powers, Judge.

Submitted September 25, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and James Brewer, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant. Sharon Callen filed the supplemental brief *pro se*. Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and James Brewer, Deputy Public Defender, Oregon Public Defense Commission, filed the supplemental brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Kate E. Morrow, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Defendant appeals from a judgment of conviction for driving under the influence of intoxicants, ORS 813.010(4), and reckless driving, ORS 811.140. Defendant raises three assignments of error through counsel and two supplemental *pro se* assignments of error. For the reasons that follow, we affirm.

Initially, we provide a brief overview of the facts and later recount the particular facts relevant to our analysis of each assignment of error. Following reports by two other drivers about defendant's erratic driving, Oregon State Police troopers arrived at a rest stop where defendant was parked to investigate. The troopers asked her to perform field sobriety tests, developed probable cause that she was impaired, and took her into custody for driving under the influence of intoxicants. A breath test showed that she had zero percent blood alcohol content. Defendant's urine tested positive for oxycodone and trazodone. She was charged with driving under the influence of intoxicants and reckless driving. Defendant opted for a bench trial, and was found guilty of both charges.

In defendant's first assignment of error, she argues that the trial court erred in overruling her objection to Trooper Rohlf's testimony about his drug recognition expert (DRE) training. At the outset of Rohlf's testimony, he explained his duties for the Oregon State Police, including that he was a DRE. Defendant objected:

"[DEFENSE COUNSEL]: Your Honor, I'm gonna object to this line of questioning as far as Trooper Rohlf being a DRE. That's not a subject of today's testimony and it seems like a backdoor attempt by the state to get his credentials as a DRE in and trying to evaluate this particular situation.

"THE COURT: What's the evidence basis for the objection?

"[DEFENSE COUNSEL]: As of right now, it would simply be relevance, Your Honor.

"* * * * *

"THE COURT:  —so why is it relevant?

"[PROSECUTOR]: Your Honor, the training and experience of an officer who is making observations in the field about possible intoxicants. And his DRE training ties directly into that, those observations, that he has to make on the scene in order to develop probable cause. And then to determine what tests to perform down the road if there are tests to be performed down the road.

"I'm just laying foundation for what Trooper Rohlf is qualified for.

"[DEFENSE COUNSEL]:   Well, and if there's no DRE performed, Your Honor, then that's—it is irrelevant."

The court overruled the objection:

"THE COURT:   No, it's—yeah, the objection is over-ruled. The training, experience, qualifications, background of a witness is generally relevant, it's foundational.

"I don't know what he's going to be testifying about, but we have a—if there is a trooper involved in an investigation of a DUII, it's certainly relevant that his background—or that his background as to DUII assessments at roadside. I mean that's all, that's right in the wheelhouse; so the objection is overruled."

Rohlf then explained that his DRE training included learning about the different drug categories and the signs of impairment for each of those categories. That training also included identifying when a person is "on multiple different types of drugs." He testified that, based on his roadside observations, he would have taken defendant into custody for impairment.

On appeal, defendant renews her argument that the trooper's testimony about his DRE training was not relevant because the DRE protocol was not performed and the trooper did not and could not rely on that testing as a basis for his conclusions. The state counters that Rohlf's DRE training was relevant because it showed that he had specialized knowledge in recognizing signs of impairment. At the outset, we note that defendant argues for the exclusion of the evidence only on relevance grounds, and does not argue that it was inadmissible for other reasons. Therefore, we consider only whether evidence of Rohlf's DRE training was relevant under the circumstances of this case.

OEC 401 provides that relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." We review a trial court's determination of relevance under OEC 401 for errors of law. *State v. Titus*, 328 Or 475, 481, 982 P2d 1133 (1999).

Here, Rohlf testified that as part of his DRE training, he was trained to identify signs of impairment in seven drug categories. He testified that he knew the effects of oxycodone on the body. He also knew the potential effects of taking both oxycodone and trazodone together. Defendant acknowledges, and we agree, that an officer's "general training and experience relating to investigating DUIIs [is] relevant." It follows that an officer's more specialized DRE training in identifying drug impairment is similarly relevant. Although the DRE protocol was not performed, the officer's DRE training made it more probable that he could accurately identify impairment in defendant than without the training. *See State v. Rambo*, 250 Or App 186, 194, 279 P3d 361 (2012), *rev den*, 353 Or 203 (2013) (stating that the officer's "considerable training and experience," which included DRE training, showed that he was qualified "to recognize the symptoms of drug impairment in the course of a DUII investigation"). The challenged testimony therefore meets the "very low threshold" for admission as relevant evidence that makes a fact of consequence more probable. *Titus*, 328 Or at 481. The trial court did not err in overruling defendant's relevance objection to Rohlf's testimony about his DRE training.

We turn next to defendant's second assignment of error, in which she argues that the trial court plainly erred by relying on evidence outside the record when reaching its verdict. In defendant's testimony on her own behalf, she seemed to attribute her driving in part to the windy conditions that day. In its spoken verdict on the reckless driving count, the trial court explained:

"I found the two other witnesses very credible.

"I have no doubt that [defendant's] car, you know, when you get buffeted about on and off with the winds.

"As somebody for who—because I can use my common sense and experience, just as any juror would. Having driven either from Joseph to Portland and back, or La Grande to Portland and back roughly once a month for the last ten years, I've experienced those driving conditions. And I understand that you can feel buffeted about. I've done it with gear on the top of a vehicle as well.

"But the testimony of the other two witnesses was way beyond what a typical being buffeted by the wind would be. I found them credible."

Defendant did not object to the trial court's use of "common sense and experience" in rendering its verdict. On appeal, she requests plain error review, arguing that the trial court plainly erred in basing its verdict on evidence outside the record. In response, the state asserts that the trial court did not err in referencing its common sense and experience, and any error would be unworthy of discretionary correction.

Under plain error review, the court first determines whether the error is plain. *State v. Ortiz*, 372 Or 658, 664, 554 P3d 796 (2024). For an error to be plain, it must be an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences. *Id.* Next, we determine "whether the error was harmless and, if not, whether we should exercise our discretion to correct it." *State v. Horton*, 327 Or App 256, 262, 535 P3d 338 (2023).

In this case, it is debatable whether the trial court's reference to its experience driving in windy conditions on a particular stretch of highway is plain error that is obvious and beyond dispute. Jurors, and by extension trial courts in a bench trial, "may rely on common experience or common knowledge in making reasonable inferences." *State v. Clowdus*, 326 Or App 36, 39, 530 P3d 525 (2023). Oregon courts have previously held that common regional weather patterns and their effects are a matter of common knowledge. *See, e.g.*, *Schukart v. Gerousbeck*, 194 Or 320, 332-33, 241 P2d 882 (1952) (taking judicial notice of rainy and windy weather conditions common to the region in the winter to determine whether such conditions would render a railroad

crossing extra-hazardous). However, we need not determine whether the trial court's spoken verdict went beyond common knowledge. Even assuming the trial court committed plain error that was not harmless, we would not exercise our discretion in these circumstances.

We undertake a review of plain error with "utmost caution." *State v. Vanornum*, 354 Or 614, 630-31, 317 P3d 889 (2013). In deciding whether to exercise our discretion to correct plain error, we consider factors including the gravity of the error, the competing interests of the parties, the ends of justice in the particular case, and whether the policies behind the general rule requiring preservation of error have been served in the case in another way. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991). Whether the trial court "could have easily corrected its purported error" had the defendant objected is a "significant factor" in deciding whether to exercise discretion. *State v. Garcia*, 320 Or App 123, 138, 512 P3d 839, *rev den*, 370 Or 602 (2022).

Considering the particular record in this case, we conclude that the gravity of any error and the ends of justice do not weigh in favor of reversal. *Horton*, 327 Or App at 264-65. Two other drivers, driving in the same conditions as defendant, found defendant's driving so concerning that they separately called 9-1-1 to report her. Those witnesses testified that she was tailgating, weaving "all over the road," almost hit other vehicles, and almost went off the road. Given that evidence, the record suggests that the court's reference to its own driving experience did not have a significant risk of affecting the verdict. *Id.* at 264 ("The likelihood that the error affected the outcome goes to its 'gravity' and to 'the ends of justice.'"). Indeed, the court relied on the evidence of the two other witnesses to state that the manner of defendant's driving went "way beyond" what might be a reaction to common weather in the area. Moreover, any error could have been cured by a contemporaneous objection. *State v. Reynolds*, 250 Or App 516, 523-24, 280 P3d 1046, *rev den*, 352 Or 666 (2012). Had defendant objected to the court's comments about its experience driving in windy conditions, the court could have clarified that, even disregarding that

experience, its verdict was the same based on just the testimony in the case. Under the circumstances, we are unpersuaded that defendant's claimed error merits the exercise of our discretion.

In defendant's third assignment of error, she challenges the trial court's imposition of a mandatory $1,000 fine without suspending it. In the state's sentencing recommendations, it asked for, among other things, the statutory $1,000 fine and the $255 DUII fee. Defense counsel requested that the $255 DUII fee be waived due to defendant's financial situation. Defense counsel asked "that the [c]ourt not impose any additional financial penalties" but did not specifically ask for suspension of the $1,000 fine. The court agreed that "seem[ed] appropriate" because of defendant's "very limited ability to pay." The court then gave its sentence where it imposed the $1,000 fine and waived the $255 DUII fee. Defendant did not object.

On appeal, defendant acknowledges that her claim of error is unpreserved and requests plain error review. She further acknowledges that the fine was mandatory according to ORS 813.010(6)(b), but points out that the court had discretionary authority to suspend execution of that fine. *See State v. Baccaro*, 300 Or App 131, 137, 452 P3d 1022 (2019) (concluding that the trial court erred in imposing a required fee not announced in open court because the defendant was denied the opportunity to ask the court to exercise discretion in suspending execution). We understand defendant to argue that the trial court plainly erred by not suspending the fine because it did not understand that it had the authority to suspend execution. We disagree that it is obvious and apparent on this record that the court did not understand its authority to suspend the $1,000 fine.

As noted above, for an error to be plain it must be an error of law, obvious and not reasonably in dispute, and apparent on the record. *Ortiz*, 372 Or at 664. In support of her argument that the trial court plainly erred, defendant cites to *State v. Loudermilk* for the proposition that "the court's imposition of the fine without exercising discretion was plainly erroneous." 288 Or App 88, 90, 405 P3d 195 (2017). *Loudermilk* is inapplicable here. In *Loudermilk*, the

trial court stated that it was imposing a mandatory fine when, in fact, the fine was discretionary. *Id.* In this case, the fine was not discretionary. Both parties agree that under ORS 813.010(6)(b), when a defendant is convicted of DUII for the first time, the court must impose a mandatory $1,000 fine. But, it is not clear from the record that the trial court failed to appreciate its authority to suspend the execution of the fine. Although the court noted that defendant had a very limited ability to pay and waived other financial penalties, it did not state that it believed it had no discretion to suspend execution of the $1,000 fine. We conclude that defendant's claimed error does not satisfy the requirements of plain error, and therefore we may not review it.

Finally, we turn to defendant's two *pro se* assignments of error. We understand defendant's first *pro se* assignment to be that the evidence was insufficient to support the verdict. On appeal, the reviewing court's role is not to reweigh the evidence, *State v. McNall*, 307 Or App 435, 440, 476 P3d 1259 (2020), *rev den*, 367 Or 496 (2021), nor are we free to speculate on what other theories might also be supported by the evidence, *State v. Howell*, 183 Or App 360, 364, 51 P3d 706 (2002). We have reviewed the record and conclude that the evidence was sufficient to support a guilty verdict on both charges.

In defendant's second *pro se* assignment of error, she argues that her due process rights were violated because (1) she was not given *Miranda* warnings before she was asked to perform field sobriety tests; (2) upon her arrest, her dog was seized without a warrant; and (3) during her testimony, she was not allowed to question the accuracy or credibility of the testimony of other witnesses. We conclude that defendant has not established any trial court error that violated her due process rights.

Affirmed.