No. 17    January 22, 2026    491

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SHANE EDWARDS,
aka Shane Eppinghaus,
*Defendant-Appellant.*

Lincoln County Circuit Court
22CR24818; A180087

Amanda R. Benjamin, Judge.

Argued and submitted October 15, 2024.

Joshua B. Crowther, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Jonathan N. Schildt, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, Hellman, Judge, and O'Connor, Judge.*

ORTEGA, P. J.

Affirmed.

_____
\* O'Connor, Judge, *vice* Mooney, Senior Judge.

**ORTEGA, P. J.**

Defendant appeals a judgment of conviction for three counts of second-degree sexual abuse, ORS 163.425, and one count of third-degree sexual abuse, ORS 163.415. Although the indictment alleged that defendant committed those offenses when he was 16 or 17 years old, the state brought charges against defendant in circuit court after he turned 18. After the trial court denied defendant's motion to remand his case to juvenile court, defendant entered a conditional no-contest plea and reserved his right to challenge that ruling on appeal.

In one assignment of error on appeal, defendant contends that the trial court erred in denying his motion to remand his case to juvenile court because the circuit court lacked subject matter jurisdiction under ORS 419C.005. Defendant argues that ORS 419C.005 evinces the legislature's intent that a juvenile court have exclusive original jurisdiction over any case involving qualifying acts that were committed before the person turned 18 years old. In defendant's view, our cases construing ORS 419C.005 to vest exclusive original jurisdiction in the juvenile court only when the state formally charges the person before they have turned 18 are plainly wrong and contrary to the Oregon Supreme Court's decision in *State v. Scurlock*, 286 Or 277, 593 P2d 1159 (1979). Alternatively, defendant contends that the exception recognized in *Scurlock* for retaining juvenile court jurisdiction when the state fails to show a good-faith reason for the delay in bringing formal charges applies here. The state responds that defendant cannot show that our ORS 419C.005 case law is plainly wrong and that he presents no cognizable basis to overturn the trial court's finding that the state did not intentionally delay charging defendant to avoid juvenile court jurisdiction.

We are not persuaded that our cases construing ORS 419C.005 are plainly wrong or that they conflict with *Scurlock*. We further conclude that the trial court's factual finding that the state did not intentionally delay bringing charges until after defendant turned 18 is supported by evidence in the record such that *Scurlock* does not aid defendant. Accordingly, we affirm.

The relevant facts are undisputed. Defendant was born in April 2001. In June 2018, T reported to Lincoln County law enforcement that defendant had raped her in April 2018, when defendant was 17 years old. Deputies did not immediately locate defendant because his family had since moved. In March 2019, T told deputies that defendant had moved to North Carolina with his family, and she identified three additional victims that defendant had allegedly sexually assaulted: K, C, and S. After conducting additional investigation, deputies referred the matter to the district attorney's office in June 2019.

In May 2022, a Lincoln County grand jury indicted defendant on two counts of first-degree rape, ORS 163.375, three counts of second-degree sexual abuse, ORS 163.425, two counts of third-degree sexual abuse, ORS 163.415, and one count each of first-degree sexual abuse, ORS 163.427, and first-degree sodomy, ORS 163.405. The indictment alleged that defendant committed those offenses against the four victims between December 2017 and June 2018, when he was 16 and 17 years old.

Before trial, defendant moved to remand his case to juvenile court on the grounds that the state intentionally delayed charging him until after he had turned 18 and "solely for the purpose of avoiding a juvenile court [waiver] proceeding." The trial court denied the motion, stating that "in this case after hearing the evidence from the [s]tate's witnesses, the Court doesn't find that there's any evidence that the [s]tate acted intentionally in the delay." Defendant ultimately entered no-contest pleas to one count against each victim, reserving his right to appeal the trial court's adverse ruling on his motion to remand.

On appeal, defendant contends that the trial court erred in denying his motion to remand because it lacked subject matter jurisdiction over this case. Defendant argues that ORS 419C.005 vests exclusive original jurisdiction upon the juvenile court in any case involving qualifying acts that were committed when a person was younger than 18 years old. In defendant's view, the Oregon Supreme Court's decision in *Scurlock* confirms that construction of ORS 419C.005, and our cases to the contrary—including

most recently *State v. Davis*, 197 Or App 246, 106 P3d 160, *rev den*, 338 Or 488 (2005)—are plainly wrong.[1]

The state responds that ORS 419C.005 vests exclusive jurisdiction in a juvenile court in cases involving qualifying acts where the person is under 18 years of age at the time the case is formally initiated. In the state's view, defendant's construction finds no support in the text or context of ORS 419C.005, his arguments are contrary to controlling Supreme Court precedent, and he cannot show that our cases are plainly wrong.

The state also contends that defendant's statutory construction argument is not preserved, but it acknowledges—and we agree—that because defendant ultimately challenges the trial court's subject-matter jurisdiction, defendant may raise that argument at any time, including for the first time on appeal. *Waddill v. Anchor Hocking, Inc.*, 330 Or 376, 384, 8 P3d 200 (2000), *adh'd to on recons*, 331 Or 595, 18 P3d 1096 (2001). We therefore review for legal error. *State v. Baldwin*, 341 Or App 665, 667, 576 P3d 529 (2025) (observing that we review questions of statutory interpretation and subject matter jurisdiction for legal error).

In construing a statute, we examine the statute's text, context, and legislative history, *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993), and *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009), as well as prior judicial constructions of the statute, *Ingle v. Matteucci*, 371 Or 413, 423, 537 P3d 895 (2023).[2] We begin with the text, which is the best evidence of the legislature's intent. *PGE*, 317 Or at 610.

ORS 419C.005 provides, in relevant part:

---

[1] In 1993, the legislature enacted ORS 419C.005 and simultaneously repealed its predecessor, *former* ORS 419.476 (1991), *repealed by* Or Laws 1993, ch 33, § 373. Or Laws 1993, ch 33, §§ 149, 373. Thus, *Scurlock* construed *former* ORS 419.476, while *Davis* construed ORS 419C.005. There is no material difference between the relevant text of each statute.

[2] We note that, although the prior judicial constructions of ORS 419C.005 and its predecessor predate either *PGE* or *Gaines*, they are still binding precedent that we presume were correctly decided. *State v. Riley*, 365 Or 44, 55, 443 P3d 610 (2019) (stating that "this court's decisions interpreting a statute, even prior to *PGE*, remain good law" and that "this court presumes that its prior decisions have been properly decided").

> "(1)   The juvenile court has exclusive original jurisdiction in any case involving a person who is under 18 years of age and who has committed an act that is a violation, or that if done by an adult would constitute a violation, of a law or ordinance of the United States or a state, county or city."

We first observe that the subject of the sentence is the juvenile court, the verb phrase is "has exclusive original jurisdiction in," and the object is "any case involving a person ***." That sentence structure defines the juvenile court's jurisdiction in certain cases, rather than over certain persons or acts. However, the statute qualifies the cases over which the juvenile court has jurisdiction as those "involving a person" that meets two requirements: (1) "who is under 18 years of age" and (2) "who has committed an act" that violates the law or would violate the law if done by an adult.

We further observe that the statute speaks in present tense—"has exclusive original jurisdiction in any case involving"—meaning that jurisdiction is determined when the case exists before the court and is not determined at some point in the past or future. The qualifications for the types of cases over which a juvenile court has jurisdiction—"involving a person who is under 18 years of age and who has committed an act"—are also stated in present and present perfect tense, meaning that those qualifications must exist at the time the case is before the court.

The plain text of ORS 419C.005 therefore strongly supports the conclusion that the legislature intended to vest exclusive original jurisdiction upon the juvenile court in any case before it that, when it is initiated, involves a person who is under 18 years of age and who has already committed an act that violates the law or would violate the law if done by an adult.

We and the Supreme Court have consistently construed ORS 419C.005 according to its plain text, including most recently in *Davis*. Indeed, in *Davis*, we rejected the same arguments that defendant raises here. In that case, the trial court granted the defendant's motion to remand his case to juvenile court "out of 'the need for public confidence in our system'" because the defendant was 17 years old when he committed the charged acts but 18 when he was charged

by indictment. 197 Or App at 248-49. The state appealed and we reversed. We concluded that ORS 419C.005, together with ORS 419C.094, which provides that "the jurisdiction of the juvenile court of the county in which a youth is taken into custody * * * shall attach from the time the youth is taken into custody" mean that "as a general rule, if a person is over 18 when [they are] charged with a criminal offense, that person will be tried as an adult * * * even if the person was under the age of 18 when [they] committed the acts that gave rise to the charge." *Id.* at 249 (internal quotation marks and citations omitted).

To be sure, we acknowledged that in *Scurlock* the Supreme Court had created "an exception to the foregoing general rule in cases in which the state has intentionally delayed bringing charges to avoid juvenile court jurisdiction." *Id.* at 249-50.[3] However, we emphasized that *Scurlock*'s holding was limited to intentional delays to avoid juvenile court jurisdiction and that the trial court's express finding that the state had not engaged in intentional delay was dispositive, given that the state did not charge the defendant until after he turned 18. *Id.* at 250. Finally, we explained that the defendant's argument that "we should expand the exception to include not just intentional delays but also delays occasioned by the negligence of the state * * * should be addressed to the Supreme Court." *Id.*

*Davis* controls the outcome in this case, and we are not persuaded that it, or any of the cases on which it relies, are plainly wrong or conflict with Supreme Court precedent. *See State v. Civil*, 283 Or App 395, 406, 388 P3d 1185 (2017) ("[T]o be 'plainly wrong' a holding must first be wrong."). Here, it is undisputed that the state charged defendant after he turned 18, and the trial court found that the there was no evidence that the state intentionally delayed bringing charges. ORS 419C.005 therefore does not vest exclusive original jurisdiction in the juvenile court over this case,

---

[3] The *Scurlock* court recognized that the predecessor statutes to ORS 419C.005 and ORS 419.094 vested exclusive original jurisdiction on the juvenile court in cases involving persons under 18 years of age at the time they were charged or brought into custody. 286 Or at 279-81. We therefore reject defendant's argument that *Davis* conflicts with *Scurlock* without further discussion.

*Scurlock* does not apply, and the trial court did not err in denying defendant's motion to remand on that basis.[4]

   Affirmed.

---

[4] We recently held that under ORS 161.740, when sentencing a defendant whose conduct occurred before they were 18 years of age but whose case is proceeding in the circuit court, rather than the juvenile court, the sentencing court must "exercise its discretion by fashioning an appropriate sentence, without being bound by presumptive sentences provided in the [Oregon Criminal Justice Commission] guidelines." *State v. Gardner-Rolph*, 345 Or App 681, 702, ___ P3d ___ (2025). In determining the "appropriate" sentence, the sentencing court must give consideration to, among other factors, the defendant's "age *** at the time of the offense." ORS 161.740(2)(a).