82 February 11, 2026 No. 85

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

AUSTIN THOMAS REAMER,
*Defendant-Appellant.*

Clackamas County Circuit Court
21CR16306; A181389

Ann M. Lininger, Judge.

Submitted November 25, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sara F. Werboff, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Erica L. Herb, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Hellman, Judge, and O'Connor, Judge.*

ORTEGA, J.

Affirmed.

_____
* O'Connor, Judge, *vice* Mooney, Senior Judge.

**ORTEGA, P. J.**

Defendant appeals a judgment of conviction for three counts each of first-degree sodomy, ORS 163.405, and first-degree sexual abuse, ORS 163.427, assigning two errors. First, defendant contends that the trial court lacked subject matter jurisdiction in this case because defendant was under 18 years old when he committed the charged offenses and, as a result, the juvenile court had exclusive original jurisdiction under ORS 419C.005. Second, defendant contends that the trial court plainly erred in allowing the state's forensic interviewer to testify about scripted memories without laying a foundation of scientific validity, and he asks that we exercise our discretion to correct the error.

As to defendant's first assignment, we recently rejected identical arguments in *State v. Edwards*, 346 Or App 491, ___ P3d ___ (2026), and reaffirmed that exclusive original juvenile court jurisdiction turns on the person's age at the time the case is initiated, not when the charged conduct occurred. Because it is undisputed that defendant was indicted in this case after he turned 18, his first assignment of error fails. As to defendant's second assignment, assuming without deciding that the court plainly erred in admitting the forensic interviewer's testimony without a scientific foundation, we decline to exercise our discretion to correct any error under the circumstances in this case. Accordingly, we affirm.

The relevant facts are undisputed. Defendant was born in 1998, and his cousin N was born in 2006. In 2011, N and their family moved into defendant's parents' house. Beginning in 2012, when defendant was 13 years old, he repeatedly sexually abused N while N's little brother was present. N initially disclosed the abuse in 2014 to their mother, who encouraged N not to further disclose the abuse to authorities out of fear of losing the family's housing. Defendant continued to abuse N for about a year after the initial disclosure. In 2019, after N and their family had moved out of the house, N again disclosed the abuse, and the state ultimately indicted defendant in 2021. The indictment alleged that defendant committed the offenses between 2012 and 2017, when he was 13 to 19 years old.

After defendant waived his right to a jury, the case was tried to the court. At trial, N recounted the abuse, and N's brother corroborated the abuse. In addition, the state presented the recorded forensic interviews of N and N's brother, and defendant's recorded statement to police confessing to one act of abuse. Finally, a state forensic interviewer testified, among other things, how "scripted" memories of events that happen to someone multiple times tend to "meld[ ] together" and lack "more context or details * * * because [the event] didn't change." After expressly crediting N's testimony and interview, N's brother's testimony and interview, and defendant's corroborated confession, the court found defendant guilty as charged but also found that the state had failed to prove that defendant was over 18 years old for any count. This timely appeal followed.

In his first assignment of error, defendant contends that the trial court lacked subject matter jurisdiction over this case because he was younger than 18 at the time of the charged offenses. Defendant presents the same argument that we recently rejected in *Edwards*, where we reaffirmed that the plain text of ORS 419C.005 vests exclusive original jurisdiction upon the juvenile court in cases where the person is younger than 18 when the state initiates the case, and we adhered to our longstanding case law so construing that statute and its predecessor. 346 Or App at 497-98. Here, it is undisputed that a grand jury indicted defendant after he turned 18. The trial court therefore had subject matter jurisdiction in this case.

To the extent defendant contends that the trial court was required to remand his case to juvenile court under *State v. Scurlock*, 286 Or 277, 593 P2d 1159 (1979), we reject that argument as unpreserved. In any event, the record does not support the inference that the state "intentionally delayed bringing charges to avoid juvenile court jurisdiction," such that the exception in *Scurlock* to the general rule regarding exclusive original juvenile court jurisdiction would apply here. *Id.* at 282; *State v. Davis*, 197 Or App 246, 249-50, 106 P3d 160, *rev den*, 338 Or 488 (2005). We therefore reject defendant's first assignment of error.

In his second assignment, defendant contends that the trial court erred when it admitted the testimony of the state's forensic interviewer concerning scripted memories—that is, memories of repeated events that are difficult to differentiate and lack context or detail—without a foundation of scientific validity. He concedes that this claim of error is unpreserved but argues that the error is plain and warrants our exercising discretion to correct it. The state responds that any error is not plain because it is not obvious that the testimony was scientific. Alternatively, the state argues that we should not exercise our discretion to correct any error because it was not particularly grave, and the state likely could have established the requisite foundation had defendant timely objected at trial.

We assume without deciding that the court plainly erred and that we have discretion to correct it because it was not harmless, s*ee State v. Mosqueda-Rivera-Burdette*, 344 Or App 238, 250, 580 P3d 324 (2025) ("When improper evidence is included in a bench trial, in the absence of a statement by the trial court that it did *not* consider improper testimony, we must conclude that the error was not harmless." (Brackets and internal quotation omitted; emphasis in original.)), but we decline to exercise our discretion to correct any plain error under the circumstances in this case. *State v. Ortiz*, 372 Or 658, 675, 554 P3d 796 (2024) ("[D]iscretion to reverse based on an unpreserved error should be exercised with 'utmost caution' and only when justified by the factors identified in *Ailes*, rather than based on a determination that the error was not harmless.").

We undertake a review of plain error with "utmost caution." *State v. Vanornum*, 354 Or 614, 630-31, 317 P3d 889 (2013). In doing so, we consider a nonexclusive list of factors that may be relevant in deciding whether to exercise our discretion to correct a plain error: "the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served." *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991).

In light of the record in this case, we conclude that the gravity of the error and the ends of justice do not weigh in favor of reversal. *State v. Horton*, 327 Or App 256, 264-65, 535 P3d 338 (2023) (explaining that "our assessment of where [a plain error] falls on the spectrum of 'likelihood' of having affected the verdict * * * goes to its 'gravity' and to 'the ends of justice'"). First, we disagree with defendant's contention that the disputed testimony "improperly bolstered [N's] testimony" and "was inordinately persuasive." At most, the disputed testimony indirectly bolstered N's testimony by explaining why her account lacked specific context or details as to any particular charged incident. But N's brother's testimony and forensic interview directly corroborated N's version of events, and defendant's confession to one instance of abuse dispelled any reasonable inference that N had fabricated the story. Further, in reaching its verdict the trial court expressly credited N's testimony and forensic interview, N's brother's testimony and forensic interview, and defendant's corroborated confession, but it did not mention the forensic interviewer's testimony in general or the scripted memory testimony specifically. Thus, although we cannot say that any error was harmless, we can say on this record that there is an "extremely low likelihood" that it affected the court's credibility assessments and thus its verdict. *See id.* at 266 (declining to exercise discretion to correct plain error where there was an "extremely low likelihood" that the verdict would have been different).

Finally, we agree with the state that policies underlying preservation of error requirements weigh against exercising discretion to review any error in this case. If defendant had timely objected, the state could have attempted to lay a scientific foundation given the forensic interviewer's training and experience, or the court could have sustained the objection and not received the evidence. *See State v. Callen*, 340 Or App 450, 456, 571 P3d 1125, *rev den*, 374 Or 379 (2025) ("Whether the trial court could have easily corrected its purported error had the defendant objected is a significant factor in deciding whether to exercise discretion." (Internal quotation marks and citation omitted.)). We therefore reject defendant's second assignment of error.

Affirmed.